## Schriver *against* Cobeau.

" I give unto my nephew the interest arising from one share of five per cent state stock ; and when the principal is paid off by law, then 1 give to him the principal arising from such share." *Held,* that this is an absolute bequest of the stock, which may be disposed of by the administrator of the legatee at any time.

ERROR to the common pleas of *York* county.

This action was by Henry Schriver against Jacob A. Fisher, administrator of Alexander Cobeau.

Dr John Spangler, by his last will and testament, made the following bequest. "I give unto my nephew Alexander Cobeau the interest arising from one share of five per cent state stock, the nominal share being 1000 dollars ; and when the principal is paid off by law, then I give to him the principal arising from such share." Soon after the death of the testator, Alexander Cobeau died, and his administrator, Jacob A. Fisher, treated the above bequest as an absolute one, and sold the share of stock to Henry Schriver, the plaintiff, and guarantied his right to it. In order to test the right to the share of stock, this action was brought by Schriver against Fisher on the warranty mentioned. The court below (Durkee, president) was of opinion that both the principal and interest of the legacy were absolutely vested in Alexander Cobeau, and passed by the assignment of the defendant to the plaintiff; and therefore rendered a judgment for the defendant.

*Barnitz,* for plaintiff in error, cited, 1 *Roper on Leg.* 171.

*Chapin,* contra, cited, 4 *Bac. Ab.* 395, 396, 404 ; 2 *Bridg. Eq. Dig., tit. Legacy Vested, pl.* 412, 413, 426, 489.

The opinion of the Court was delivered by

SERGEANT, J.—It would be tedious to refer to the numerous authorities to be found in the books on the subject of vested and contingent legacies payable out of personal estate. It is sufficient to say, that by the settled construction of such bequests as the present, as well as the intent appearing on the face of this will, the legacy to the plaintiff was vested. In the commencement of the clause, the testator gives to his nephew, Alexander Cobeau, " the interest arising from one share of five per cent state stock, the nominal share being 1000 dollars," and this gift, if it stood alone, would convey the whole right in the stock. A bequest of the use or interest of a thing is considered as a bequest of the thing itself. Fonnereau *v.* Fonne-

[Schriver v. Cobeau.]

reau, 3 *Atk.* 645; 1 *Ves.* 118; S. C., *Fearne's Cont. Rem. & Ex. Dev.* 465, and cases cited.   In real estate, a grant of the profits of land conveys the land itself.   *Co. Litt.* 4, *b.*   Is the gift of the principal divested by the direction of the testator, that " when the principal is paid off by law, then I give to him the principal arising from such share," the legatee having died before that event?   This does not seem to be a contingency on which any right depends, but merely marks out the time when the principal shall be received in lieu of the interest.   Before that time the testator desired to transfer the interest : when the interest could no longer be received, the principal was to come in its place : the only reason for giving first the one and then the other, being the nature of the fund.   If there is any contingency at all, it is one annexed to the fund, not to the person of the legatee.   When the contingency is the legatee's attaining a certain age, it may well be presumed the testator intended that the legatee should enjoy it only if he lived to a certain period, when he would know how to use or dispose of it.   So where it depends on marriage. Even there, if interest is given to the legatee in the mean while, it is considered as a circumstance rebutting the presumption, and converting it into a vested legacy.   Looking at the whole clause, it seems plain the testator meant the legatee should enjoy the corpus of the bequest in the way it was susceptible of profitable enjoyment —the interest while interest, the principal when principal.   A different construction would deprive the children of the legatee, if he had any, of the property, in the event of the parent's dying intestate before the expiration of the loan without disposing of his right.   This, I think, the testator did not intend ; especially as in his legacies to his nieces, Ellen, Louisa and Maria, he carefully excludes their ownership, in the event of either dying before her share should be paid off, by express limitations over to their issue and surviving sisters, that it might not be disposed of by a husband.   The same kind of provision is made as to his niece Mary, to whom the first bequest of 1500 dollars is given.   But in the gift to male legatees, his nephews Alexander and John, no such provision exists.   And if he had contemplated its falling into the residue, it seems to me, he would have said so, as he has in the clause disposing of the bond of Jacob Dritt. The will is carefully written, and apparently composed by one acquainted with the legal signification of the words made use of.

Judgment affirmed.