## Garret *against* Rex.

A bequest of the interest or produce of a fund, without limitation as to the extent of its duration, is a bequest of the fund itself.

ERROR to the common pleas of *Lebanon* county.

John Garret, administrator of Sophia Garret, against Abraham Rex, executor of Samuel Rex, who was executor of Jacob Umbehand.

The facts agreed upon and to be considered as if found by the verdict of a jury, in the nature of a special verdict, are as follows, viz:

On the 13th of August 1811, Jacob Umbehand made his last will and testament in writing, which was duly proved, and letters testamentary were in due form of law issued to Samuel Rex. The said Jacob Umbehand died on the 20th of August 1811.

That the said Jacob Umbehand died leaving a widow, named Susannah, and four children, to wit: John Umbehand, Catharine Umbehand, Susannah and Sophia.

That Sophia, one of the daughters of the said Jacob Umbehand, and legatee, named in the said last will and testament, intermarried with the said John Garret, plaintiff, on or about the 6th day of August A. D. 1813.

That the said Sophia had with her husband one only child.

That the said Sophia died on the 15th of September 1816, (leaving her husband, John Garret, and a son, an only child, who was born on the 10th of September 1816,) intestate; and said child died on or about the 26th of November 1816.

That the said Susannah, widow of the said Jacob Umbehand, the testator, died the 10th of October 1835, aged eighty-nine years, two months, twenty-seven days.

The 300 pounds of the money of the testator were put out at interest from the 15th of April 1812, until the death of the said widow, by the executor of the last will and testament.

That letters of administration were in due form of law granted by the Register of Lebanon county, unto the said John Garret, of all and singular the goods, &c., of the said Sophia Garret, which are also made part of the case stated, and bear date prior to the instituting this suit.

That letters testamentary were in due form of law granted to the said Abraham Rex, executor named in the last will and testament of the said Samuel Rex, named as executor in Jacob Umbehand's will, and has the said 300 pounds in his hands, ready to be

paid over to the person to whom the court, under the facts stated, shall say it of right belongs.

The question submitted to the court, on the foregoing statement of facts, is, whether the said John Garret is entitled to any part of the 300 pounds, so as aforesaid ordered and directed to be put at interest during the lifetime of the testator's widow?

That if the court is of opinion that the said John Garret is entitled to the fourth part, then the court shall enter judgment in favour of the plaintiff, for the sum of 200 dollars, and the costs of suit.

That if the court is of opinion that the said John Garret is not entitled to a part of the said sum of 300 pounds, that then the court shall enter judgment in favour of the defendant, with costs of suit.

In the name of God, amen; I Jacob Umbehand, late of Heidleburg township, in the county of Dauphin, and Commonwealth of Pennsylvania, farmer, being at present sick and weak in body, but of sound and disposing mind, memory, and understanding, thanks be to Almighty God for the same, and knowing that it is appointed for all men once to die, and not knowing the time thereof, I have thought proper and do make and publish this my last will and testament in manner and form following, that is to say: First, I recommend my soul into the merciful hands of Almighty God, who gave it, and my body to the earth to be buried in a decent and Christian like manner.   Second, it is my will that all my just debts and funeral expenses be fully paid and satifised by my executors hereinafter named as soon after my decease as possible.   Item, I give and bequeath unto my beloved wife, Susannah, *during her life,* the two lower rooms in the west side of my dwelling house; as also the front room up stairs on said west side of my dwelling house; as also an equal right with my son John in the kitchen, garret, cellar, and yard, and also to the bake oven, and pump of water, and one-half of the garden, which my said son John must keep in good order with dung; also as much fruit of every kind as she may want.   I also give her, my said wife Susannah, one cow, to have her choice, two good beds and bedsteads, one ten plate stove and pipe, and as much and such other of my house and kitchen furniture as she may want, *and the sum of eighteen pounds in lawful* money of Pennsylvania, *and it is my will that my said executor shall put three hundred pounds of my money out at interest, from the* 15 *day of April next, for my said wife and yearly pay her the interest.*   Item, I give and bequeath unto my said son, John Umbehand, and to his heirs and assigns all that my plantation, tract, piece, or parcel of land, situate in the said township of Heidleburg, and county of Dauphin, bounded by lands, of Peter Sheetz, Nicholas Swanger, Adam, and Henry, and others, and containing 169 acres 39 perches, and allowance for roads, &c. To hold to him, the said John Umbehand, his heirs and assigns

forever. I also further give and bequeath unto my said son, John Umbehand, and to his heirs and assigns, all that my small tract or piece of wood land, situate in Elizabeth township, in-the county of Lancaster and Commonwealth aforesaid, bounded by lands of Michael Graybile, Peter Moore, Henry Moyer, and others, and containing about 10 acres, be the same more or less, to hold to him my said son, John Umbehand, his heirs and assigns forever; but for which said plantation and two tracts or pieces of land, my said son, John Umbehand, shall give and pay unto my three daughters, Catharine, Susannah, and Sophia, the sum of two thousand one hundred pounds, lawful money of Pennsylvania, (in gold or silver coin,) in manner following, that is to say: the sum of 100 pounds on the 15th April 1813, to my daughter Catharine; the sum of 100 pounds, on the 15th April 1814, to my daughter Susannah; the sum of 100 pounds, on the 15th April 1815, to my daughter Sophia; and then again the four payments of 100 pounds to my daughter Catharine; the fifth payment to Susannah, the sixth payment to Sophia; and then to begin again with Catharine, and then so on, the sum of 100 pounds yearly, and every year, until each of my said three daughters have received their 700 pounds; and my said plantation shall be bound for the said money. Item, it is further my will, that my said son, John Umbehand, shall give and deliver unto my said wife, Susannah, yearly, and every year during her life, as a further compensation for my plantation, 15 bushels good wheat; 5 bushels good rye; 5 bushels good Indian corn; as many potatoes as she may want; as many fowls and eggs as she may want; one good fat hog, of at least 150lbs. weight; 50lbs. good fat beef; plenty good feed and stabling for her cow the year round; 15lbs. good hackled flax; 6lbs. good wool; and as much good fire wood as she may want, to be cut small, and delivered at her house door. I further give unto my said son, John, two horses or mares and their geers, and two cows, to have his choice; and my best waggon, one plow, and one harrow; and to my three daughters the sum of 50 pounds, lawful money, aforesaid, each of them; and it is my will, that my said wife and children shall continue house-keeping together until the 5th day of April next; and my said son, John, shall then take possession of my said plantation; and *my said executor shall then take an inventory of my moveable effects, not herein before given, and shall convert the same into money, by public vendue, and the said money, as also, the cash in the house and out on bonds and notes, &c., shall, by my executor, be equally divided between my said four children in equal shares,* and the grain that may be in the ground the next Spring to remain with my said plantation; and what I have hereunto given unto my said wife and each of my said children, *shall be in full of their and each of their shares and estate in my said estate.* And lastly, I do hereby make and appoint my trusty and good friend, Samuel Rex, of the said township of Heidleburg, Esq.,

sole executor of this my last will and testament, hereby declaring this to be my last will and testament. In witness whereof, I have hereunto set my hand and seal, this 13th August 1811.

The court below (Blythe, president) rendered a judgment for the defendant.

*Weidman*, for plaintiff in error.

*Pearson*, for defendant in error, cited 4 *Rawle* 450; 4 *Watts* 130; 15 *Serg. & Rawle* 145; 2 *Rop. Leg.* 331.

The opinion of the Court was delivered by

KENNEDY, J.—This case appears to fall within the rule laid down by Mr Roper in his work on Legacies, vol. 2, 331; that where the *interest* or *produce* of a legacy is given to, or in trust for a legatee, or for the separate use of such legatee, without limitation as to continuance, the *principal* will be considered as bequeathed also. The authorities referred to by Mr Roper in support of this rule seem to establish it beyond all doubt in England. And the cases of Hellman *v.* Hellman, 4 *Rawle* 450, and Schriver *v.* Cobeau, 4 *Watts* 130, show that it has been received and adopted here. The distinction in this respect between a devise of realty and a bequest of personalty seems to be, that, in the former, words of limitation must be added to give more than an estate for life; but in the latter, words of qualification are required to restrain the intent and duration of the interest. A gift of the *produce* of a fund is, *prima facie*, a gift of that *produce in perpetuity;* and is consequently a gift of the *fund* itself, says Sir William Grant, in Adamson *v* Armitage, 19 *Ves.* 416. Unless, therefore, it shall appear either from the nature of the subject, or the context of the will, that the produce or interest of the fund alone was intended for the legatee, the *gift* of the *interest* will pass the *principal.* In the case before us the intention of the testator, so far as it can be collected from the will, which is the only evidence that can be received of it, appears to be in accordance with the rule. The bequest of the *interest* upon the three hundred pounds to his wife, is, in the first place, absolute and unqualified. The words of it are "my said executor shall put three hundred pounds of my money out at interest, from the 15th day of April next for my said wife, and yearly pay her the interest." These three hundred pounds do not appear to be mentioned or even alluded to again in any other part of the will with a view to make any other or further disposition of either the principal or interest thereof; yet it is evident from the conclusion of his will, that the testator not only intended thereby to dispose of all his estate; but that he thought he had done so, when he directed in the following words: "my said executor shall then take an inventory of my moveable effects, not herein before given, and shall convert the

VI.—C

[Garret v. Rex.]

same into money, by public vendue, and the said money, as also the cash in the house, and out on bonds and notes, &c., shall by my executor be equally divided between my said four children (which were all the children he had) in equal shares, and the grain that may be in the ground the next Spring to remain with my said plantation, and *what I have hereunto given* my said wife and each of my said children, shall be *in full* of their and each of their *shares* and estate *in my said estate.*"

Judgment affirmed.