[PHILADELPHIA, JANUARY 11, 1841.]

## CAMPBELL *against* GILBERT.

### IN ERROR.

A testator made the following provision, "And it is also my will that G. L. shall pay $755 56 to my wife E.; it being her dower in the plantation that I sold to G. L." And then after certain other bequests and devises, he added, "My executors shall take so much money out of the estate that I have not disposed of, and loan it on interest, so that the interest accruing from said money, and the interest of my wife's dower, will make the yearly income of $100, which my executors shall pay to my wife in two equal half yearly payments." The testator held a bond of G. L. with condition to pay to him, his executors, &c., the sum of $45 33, yearly, during the life of his (the testator's) wife E., and at her decease the further sum of $755 56. *Held,* that the widow E. was entitled to the sum of $755 56 absolutely, and not merely to the interest of it.

THIS was a writ of error to the Court of Common Pleas of Montgomery.

In the court below an action was brought by Joseph Campbell, executor of the last will and testament of Elizabeth Fisher, deceased, against Israel Gilbert, administrator *cum testamento annexo* of Christian Fisher, deceased, and a case was stated for the opinion of the court as follows:

"Christian Fisher, late of the township of Springfield, in the county of Montgomery, by his last will and testament, dated the 13th day of May, A. D. 1824, duly proved on the 23d day of July, A. D. 1825, and recorded in the register's office at Norristown, in said county, appointed Henry Scheetz, Jr., and Christian Fisher, (his son) executors thereof, who took upon themselves the burden of its execution. The said Christian Fisher, the executor, is now dead; and the said Henry Scheetz, Jr. was by a decree of the Orphans' Court of Montgomery county, on the 23d day of May, A. D. 1839, dismissed from his trust; and on the 1st day of July, A. D. 1839,

(Campbell *v.* Gilbert.)

Israel Gilbert was appointed by the register of wills of said county, administrator, &c. with the will annexed, of the said Christian Fisher the testator. By his said will, the said Christian Fisher, among other things bequeathed and directed as follows, to wit:—"And it is also my will that George Lindenberger shall pay seven hundred and fifty-five dollars and fifty-six cents to my beloved wife Elizabeth, it being her dower in the plantation that I sold to said George Lindenberger;" and "My executors hereinafter named shall take so much money out of my estate that I have not disposed of and loan it on interest; take sufficient security for the same, so that the interest accruing from said money, and the interest of my wife Elizabeth's dower, will make the yearly income of one hundred dollars, which my executors hereinafter named shall pay unto my wife Elizabeth in two equal half yearly payments," as by the said will, a copy whereof is hereunto annexed, more fully appears. Elizabeth Fisher, the widow of the said testator, died, leaving a will, dated on the 22d day of July, A. D. 1838, which was duly proven and recorded in the office of the register of wills of the city and county of Philadelphia, wherein she appointed Joseph Campbell, sole executor thereof, who took upon himself the burden of the execution of the trust. George Lindenberger made his last will and testament on the 23d day of April, 1836, which was duly proven on the 21st day of November, in the same year, whereby he appointed his wife Ann, and Dr. George Martin, and Charles P. Fenton his executors, who also took upon themselves the execution of the will. The said George Lindenberger in his lifetime gave to the said Christian Fisher a bond dated the 13th day of March, A. D. 1813, in the penalty of fifteen hundred and eleven dollars and twelve cents, the condition of which is as follows, to wit: "That if the above bounden George Lindenberger, his heirs, executors, administrators, or any of them, shall and do well and truly pay or cause to be paid unto the above named Christian Fisher, or to his certain attorney, executors, administrators, or assigns, the just sum of forty-five dollars and thirty-three cents, lawful money as aforesaid, yearly and every year, on the first day of April, from and after the first day of April next, for and during the natural life of his present wife Elizabeth Fisher, the first annual or yearly payments thereof, to begin and be made on the first day of April, in the year one thousand eight hundred and fourteen, and at her decease the further sum of seven hundred and fifty-five dollars, and fifty-six cents, lawful money as aforesaid, and that without any fraud or further delay, then," &c.

The said Israel Gilbert, administrator with the will annexed of the said Christian Fisher, claims to be paid by the executors of the said George Lindenberger, the amount of the said bond, to wit, the sum of seven hundred and fifty-five dollars and fifty-six cents; and the said Joseph Campbell, executor, &c., of the said Elizabeth Fisher, also claims to be paid by the same executors the amount of the said

(Campbell *v.* Gilbert.)

bond. Now, in order to determine the whole difficulty, and to re- lieve the executors of the said George Lindenberger, the question for the decision of the court is, whether under the circumstances, the said Elizabeth Fisher was entitled to the said sum of seven hundred and fifty-five dollars and fifty-six cents *absolutely,* or only to the *interest* thereof during her natural life.

If the court should be of opinion that she was entitled to it abso- lutely, then judgment to be entered for the plaintiffs; but if not, then judgment to be for the defendant. The judgment is to be in the nature of a special verdict, from which either party shall have the right to a writ of error from the Supreme Court.

And it is hereby agreed by the said executors of George Linden- berger, that the said judgment of the court in this case shall bind them in the same manner as if a judgment had been recorded against them in the said court upon the said bond, by the party in whose favour this judgment shall be given.

It is further agreed, that there are endorsed upon the said bond, receipts of interest due thereon, signed by Henry Scheetz, Jr., executor of Christian Fisher, from April 1, 1824, to April 1, 1839."

The will of Christian Fisher, which was appended to the case, was as follows:

"In the name of God, Amen: I, Christian Fisher, of the town- ship of Springfield, in the county of Montgomery, and state of Penn- sylvania, though reduced to a low state of bodily strength, yet being of sound mind, memory, and understanding, and considering the uncertainty of this transitory life, have thought fit to make this my last will and testament, in manner following: that is to say first, I recommend my soul into the hands of God, and my body I recom- mend to the earth; and respecting the worldly estate and effects, wherewith it hath pleased God to bless me, I dispose of them in the following manner, that is to say, it is my will, that my just debts and funeral expenses be paid by my executor hereinafter named, as soon after my decease as conveniently may be; and that as soon as pos- sible a true inventory and appraisement may be taken of all my movables and effects, outstanding debts and further personal pro- perty: Item, I give and bequeath to my beloved wife Elizabeth, the house and lot I now occupy, and all the apples of three apple trees for her own use, the one standing adjoining to said lot, and the other two are white doctor apples standing in the orchard on my planta- tion, adjoining said lot; and all my household goods and kitchen furniture, during her natural life, if she shall so long remain my widow; and after her death or marriage, which should so first hap- pen, then the house and lot, apples and apple trees, I give and be- queath unto my daughter, Ann, during her natural life; and after her death, to my grandson, Christian Fisher, and to his heirs and

assigns forever; and it is also my will that George Lindenberger, shall pay seven hundred and fifty-five dollars and fifty-six cents, to my beloved wife Elizabeth, it being her dower in the plantation that I sold to the said Geerge Lindenberger. I give and bequeath unto my daughter Mary the house and lot she now occupies, during her natural life; which said lot she shall keep in reasonable repair, and after her death or marriage, which shall so first happen, then in either case, I give and bequeath said lot to her lawful heirs and assigns forever. I give and bequeath unto my son, Christian Fisher, all the remainder of my land and houses during his natural life, except three acres of land in Germantown township, Philadelphia county, and such other houses and lands I have already disposed of. And the said Christian Fisher shall sow but six acres of winter grain, and shall neither sell nor move hay, straw, nor manure off the said premises; the manure not to be taken out of the barn yard from seeding time till the first of April, in every year; and shall keep the buildings and fences in reasonable repair; he shall neither cut nor move any wood off said premises: my son, Christian Fisher, shall have my winnowing mill, cutting box, and heavy traces, during his natural life, and shall lend said mill to Mary Lindenberger whenever she shall have use for a mill to clean her grain: and after the decease of the said Christian Fisher, I do give and bequeath said remainder of land, and house with the three acres of land in Germantown township, and my winnowing mill, cutting box, and heavy traces, unto my grandson, Christian Fisher, to his heirs and assigns forever. And I give and bequeath unto my daughter Mary the interest of four hundred dollars during her natural life, and after her death the said four hundred dollars to be equally divided among my grandchildren, share and share alike, to them, their heirs and assigns forever. I do give and bequeath unto my daughter Ann, the interest of six hundred dollars during her natural life, and after her death the said six hundred dollars to be equally divided among my grandchildren, share and share alike, to them their heirs and assigns forever. My executor, hereinafter named, shall take so much money out of my estate, that I have not disposed of, and loan it on interest; take sufficient security for the same, so that the interest accruing from said money, and the interest of my wife Elizabeth's dower, will make the yearly income of one hundred dollars, which my executor, hereinafter named, shall pay unto my wife Elizabeth in two equal half-yearly payments. And my executor, hereinafter named, shall loan all my money on interest that I have not disposed of, he taking sufficient security for the same, till the youngest of my grandchildren arrives at the age of twenty-one years; then to be equally divivided between my grandchildren, share and share alike, to them, their heirs and assigns forever. It is also my will that if any of my children shall be dissatisfied, and not willing to abide by my will, then and in that case they shall not receive any part of my estate;

(Campbell *v.* Gilbert.)

and I do hereby nominate, constitute, and appoint my friend Henry Scheetz, Jr., Christian Fisher, Jr., executor of my last will and testament. In witness whereof, I, Christian Fisher, the testator, have hereunto set my hand and seal, the 13th day of May, in the year of our Lord one thousand eight hundred and twenty-four."

The Court of Common Pleas, on the 2d of October, 1840, ordered judgment to be entered upon this case for the plaintiff.

A writ of error was then taken.

Mr. *Powell* for the plaintiff in error.—For some reason one third of the purchase money of the property sold to Lindenberger was reserved by a bond. It may be inferred that she refused to sign the deed, and that is the reason why he calls it " dower." The bond throws light on the meaning of the testator. Though the first clause seems to give the principal, yet the last clearly shows that it was not his meaning to give more than the interest for life. The word " dower " used in the first bequest is explained in the latter part. The injunction on the executors to take other money to make up the annuity is strong to show it. *Evans* v. *Davis,* (1 *Yeates,* 343.) *Robinson* v. *Robinson,* (2 *Yeates,* 527.) 1 *Roberts on Wills,* 202. 2 *Bl. Com.* 381. *Swinb.* 552. *Plowd.* 541. *Lewis's Estate,* (3 *Wharton's Rep.* 162.) The testator gives nothing more than a life-estate to his wife and children. His object was to keep the personal estate whole for the grandchildren. *Flintham's Appeal,* (11 *Serg. & Rawle,* 16.) 2 *Roper's Leg.* 313, 327.

Mr. *Fox* and Mr. *Mallery* contra.—Though it be true that if there are repugnant clauses in a will the last must prevail, yet if they can be reconciled, it must be done. The reason of the provision appears in the case. The testator had sold Lindenberger a farm, and taken a bond for paying her the interest. The word " dower " in common parlance, means the principal sum. That the testator so used the word is plain from his language. The first bequest standing alone would carry the principal. 1 *Roper's Leg.* 173. *Garret* v. *Rex,* (6 *Watts,* 14.) The last bequest requires the executors to take so much not already disposed of. Was not this principal sum disposed of? This sum was a specific bequest to her. She might dispose of the bond.

Mr. *Tilghman* replied.

The opinion of the court was delivered by

KENNEDY, J.—It is too plain to admit of a question, that the seven hundred and fifty-five dollars and fifty-six cents is given by the first clause of the will, in which it is mentioned, to the wife of the testator absolutely. But it is contended by the counsel for the plaintiff in

(Campbell v. Gilbert.)

error, that the testator, by a subsequent clause, has manifested very clearly his intention that she should only receive the interest thereof during her natural life. The subsequent clause is in these words; " my executor, hereinafter named, shall take so much money out of my estate, that I have not disposed of, and loan it on interest; take sufficient security for the same, so that the interest accruing from from said money, and *the interest of my wife Elizabeth's dower*, will make the yearly *income* of one hundred dollars, which my executor, hereinafter named, shall pay unto my wife Elizabeth in two equal half-yearly payments." In the first clause, containing the bequest of the seven hundred and fifty-five dollars and fifty-six cents, which, as it seems, was the one-third of the purchase-money of a plantation sold by the testator to a George Lindenberger, which the testator calls his wife's dower in the plantation, he expressly wills that Lindenberger shall pay that amount of money to his wife Elizabeth. Now it must be observed, that although the testator, by the subsequent clause, directs that she shall receive the interest of the seven hundred and fifty-five dollars and fifty-six cents half-yearly from his executor, yet the testator has placed no limitation whatever upon it as to its extent or duration. If the testator had, in the latter clause, directed the one hundred dollars to be paid to his wife annually, in half-yearly payments, during her life, or any other limited period, then there would have been some ground, perhaps, for saying that he merely intended she should have the interest that should accrue upon the debt owing by Lindenberger, and not the debt itself. But the debt itself was not to be paid by Lindenberger until after the death of the wife of the testator; Lindenberger, however, was to pay the interest upon it annually until the principal became payable; and this circumstance may have induced the testator to declare it to be his will that the principal should be paid by Lindenberger to his wife, in order to show the more clearly that he intended she should have the principal as well as the interest; which latter he expressly directs, in the subsequent clause of his will, to be paid to her generally without any limitation as to the continuance of such payment. This subsequent clause, therefore, instead of reducing the amount of the bequest contained in the prior clause, would of itself, under the principle laid down and recognised in the cases of *Hellman* v. *Hellman*, (4 *Rawle*, 450,) *Schriver* v. *Cobeau*, (4 *Watts*, 130,) and *Garret* v. *Rex*, (6 *Watts*, 14;) be sufficient to vest an absolute right in the wife to the debt as well as the interest. The rule laid down in those cases is, that where the *interest* or *produce* of a legacy is given to, or *in trust* for a legatee, *without limitation* as to its *continuance*, the *principal* will be considered as bequeathed also. The case of *Adamson* v. *Armitage*, (19 *Ves.* 416,) is in all its most prominent features, very much like the present. There, the testator, by a codicil to his will, made the following bequest; " I give to my very trusty and valuable servant, Lydia Adamson, the *balance* of

my account in Mr. Downing's hands, with the *interest* thereon, to be vested by my executors in the hands of trustees whom they shall choose and name, the *income arising therefrom*, to be for her sole use and benefit." Sir Wm. Grant, Master of the Rolls, held that the legatee was entitled to the absolute interest in the fund; stating that "in the case of a devise of realty, words of limitation must be added to give more than an estate for life; but in the case of personalty, words of qualification are required to restrain the extent and duration of the interest. *Prima facie* a gift of the produce of a fund, is a gift of that produce in *perpetuity;* and is consequently a gift of the *fund itself,* unless there be something on the face of the will to show that such was not the intention. It is, however, not necessary in this case to call that in aid to entitle the plaintiff to a decree, as here is an express bequest in the first part of the codicil of the entire fund; and the only question is, whether there are afterwards any expressions, reducing to an interest for life, what was once in terms an absolute interest. In the first sentence, there is the substance of the gift; then follows a direction, that the income shall be for her sole use and benefit. Admitting a gift of the produce of a fund merely to create a life interest, it does not follow, that when there is in the first instance a gift of the fund itself, this subsequent direction will reduce it to a life interest merely, as this direction does not extend beyond the income. The testator directs that the fund shall not be immediately handed over; but shall be vested in trustees, 'the income arising therefrom to be for her sole use and benefit.' But there is in that nothing inconsistent with her enjoyment of the absolute property. These subsequent words appear to me to be directory, not restrictive, meaning enjoyment in that mode, not that she is not to have the absolute property." Every thing advanced here by Sir William Grant, is directly applicable to the case under consideration, and goes to show that the wife of the testator became entitled, under the will, to the absolute property in the fund itself, and that the subsequent clause did not divest her of it, but directed merely the manner in which it should be enjoyed by her. This is also corroborated by the circumstance that no other disposition is made of this fund by the will, than that which is in favour of the wife; while in other cases the testator has not only been particular in giving the interest of certain funds, to restrain it expressly to the life of the legatee in each case, but after the death of the same to give the absolute property in the fund over to others. For instance; he gives and bequeaths the interest of four hundred dollars to his daughter Mary, *during her natural life*, and after her death, the said four hundred dollars to be equally divided among his grandchildren; and in like manner the interest of six hundred dollars to his daughter Ann *during her natural life;* and after her death, the said six hundred dollars to be equally divided among his grandchildren. There is therefore strong reason to conclude, that

(Campbell *v.* Gilbert.)

if he had intended to give his wife only a life interest, he would have done it in the same form that he has observed in regard to his daughters Mary and Ann. The judgment is affirmed.

Judgment affirmed.