† BROWN *versus* CLOUGH, *Executor.*

A bond, in which the condition is that if within one year upon request and payment of a certain sum, the obligor shall make and execute a valid deed of a piece of land, is forfeited, by a refusal to convey on such request and payment at *any time* within the year.

ON REPORT from *Nisi Prius,* RICE, J., presiding.

DEBT, on a bond.

The defendant's testator on Dec. 22, 1851, gave to plaintiff a bond for the conveyance of a parcel of land on payment of $100.

A part of the condition was in these words : —

" The condition of the above obligation is such, that if within one year from this date, upon the request of said Brown, &c., and the payment of the sum of one hundred dollars, the said Nathaniel and his heirs, executors, administrators, shall make and deliver to him, his heirs or assigns, a good and valid deed in fee" of the premises described, &c.

Soon after this bond was executed the obligor died, and defendant was appointed his executor.

In June, 1852, the assignee of this bond petitioned the Judge of Probate that he would empower the defendant to make the deed referred to, which was accordingly done.

In July, 1852, the $100 was tendered to the defendant and the deed requested by the obligee for the benefit of the assignee of the bond.

The defendant refused to receive the money and give the deed.

This suit was commenced in August, 1852.

The Court were authorized to render judgment by nonsuit or default, according to the legal rights of the parties.

*Paine,* for defendant, maintained that the obligor had the entire year to give the deed and save the forfeiture ; that it was when a party voluntarily disables himself to perform, there was a breach within the time, and cited *Heard* v. *Bowers,* 23 Pick. 455.

*L. M. Morrill* and *W. B. Snell,* for plaintiff.

1. The rights of the obligee depended upon some acts. To secure those rights he must perform those acts within the year.

"Upon" such performance of those acts, he is, within a reasonable time, to have his deed.

2. The obligor is bound to make the deed "upon" payment and demand, if within the year.

Time was important only to the obligee; to the obligor it was not; the sooner he could get his pay, the better. The contract is for the sale of land, giving time to purchase for payment. No facts are in the case to show that time was material or important to the obligor.

3. The year was not claimed as the ground of refusal to convey.

RICE, J. — The case presents a single point only, and that is, whether the obligor in the bond was entitled to one year within which to execute his deed, or the obligee was entitled to that time within which to make payment and request a deed. The language in the condition in the bond, bearing upon that point, is as follows: — "That if within one year from this date, upon request of the said William G. Brown, or his heirs, executors or administrators, and the payment of one hundred dollars, &c., the said Nathaniel Blair, &c., shall make and deliver to the said Brown, &c., a good and valid deed," &c. This language, standing alone, is not wholly free from ambiguity. The intention of the parties must govern, if not inconsistent with rules of law. Those intentions may be ascertained by reference to the whole instrument, to the situation of the parties, and to their contemporaneous acts in relation to the subject matter.

The transaction was between buyer and seller of land. Was time desired by the seller to enable him to execute his deed of the premises; or by the purchaser to enable him to make the stipulated payment? The ordinary course of business between parties thus situated would indicate the latter. The acts of the parties also indicate, that they understood

that the deed was to be executed upon request, (within the year,) and payment of the price stipulated. An application of the technical rules of construction between grantor and grantee, in cases of doubt, favors the position of the plaintiff.

In view of the whole case, we are of opinion, that the word "upon," as used in the condition of the bond is equivalent in meaning to the words "at the time of." This construction would require the obligor to execute his deed within a reasonable time after request made and money paid or tendered, if done within a year. This he has neglected and refused to do, and thereby occasioned a breach of the bond.

According to agreement a default must be entered, the defendant to be heard in damages by the Court.