# Silknitter's Appeal.

*Construction of will.—Devise of interest of a fund for life without trustees or direction for investment.*

1. A testator by will devised to his wife personal property and land during her widowhood, and thereafter directed his executors to sell, the proceeds to be divided among all his children or their heirs or assigns in equal shares: also, that the balance or residue of his estate, after sale of his real and personal estate, should be divided equally among his children, excepting one daughter, who was to have only the interest of one share during life. *Held,* That she took under the will an absolute, and not a life estate in one share, which her administrator, after her death, was entitled to recover.

2. The devise of the interest of the fund, without the interposition of trustees or direction for investment, without more, vests an absolute estate in the fund in the devisee.

APPEAL from the Orphans' Court of *York county.*

This was an appeal by Samuel Silknitter and others, the children and grandchildren of Henry Silknitter, deceased, from the decree of the Orphans' Court, in the matter of the distribution of the estate of deceased, under his will.

Henry Silknitter died, having made a will in which he provided for the sale of his real and personal estate, and for the distribution of the proceeds among his children, "or their heirs or assigns." At the time of his death he was seised of two separate and distinct tracts of land. He gave to his widow one of these tracts of land for her own use during her widowhood,

together with certain personal property, and after said time this part of his real and personal property to be sold by his executors, and "the proceeds thereof" he directed "to be divided amongst all my ten children, or their heirs or assigns in equal shares and share alike."

After providing for the sale of the residue of his real and personal estate for the payment of his debts, &c., and after giving certain legacies, he provided as follows: "Further, it is my will that the balance or residue of my estate shall be divided equally amongst all my ten children, or their heirs or assigns, except my daughter Barbara, who was intermarried to Christian Snyder, she now a widow, she to have only the interest of one share during her life."

It was contended, under this clause of the will, that the share given to Barbara was only a life estate, and did not vest in her absolutely. And this was the matter in controversy before the auditor, who was appointed to distribute the fund.

On hearing the case, the auditor (George Fisher, Esq.) decided that Barbara was entitled to an absolute interest in the whole sum.

Exceptions were filed to this report, but the Orphans' Court (FISHER, P. J.) dismissed the exceptions, confirmed the report, and directed that the fund in court, viz., $1411.30, being the one-tenth of the balance of the real and personal estate of deceased, should be paid to Solomon High, the administrator of Barbara Silknitter, deceased, which was the error assigned.

*John L. Mayor*, for appellants.

*Isaac E. Hiester*, for appellee.

The opinion of the court was delivered, May 21st 1863, by

THOMPSON, J.—We have enough, I think, in the plain language of this will, to enable us to interpret it accurately, without drawing heavily on what are sometimes called artificial rules of construction, or aids to interpretation. In the first place, it seems clear that the testator intended to dispose by his will of his entire estate; for he directs the real and personal estate devised to his wife to be sold after her death by his executors, and "the proceeds to be distributed among all my children, their heirs and assigns, in equal shares," and then he provides for the sale and distribution of the proceeds of the "balance or residue" of his real and personal estate which had not been devised for life to his wife, and distinctly designates how these proceeds are to be distributed, and to whom. It is quite plain, therefore, that he intended to make a full disposition of his entire estate.

The question involved then is, what interest did the testator give

his daughter Barbara? Was it an absolute gift of one share of the proceeds of the real and personal estate, which had not been devised for life to his widow, limited in its enjoyment to the annual interest during life; or was it simply a life estate, with a resulting intestacy as to the remainder? These are the respective positions of the litigants here; the latter, that of the appellants, and the former that of the appellees. As to the share of Barbara in the proceeds of the property, real and personal, devised to her mother for life, there is no dispute. She had an unqualified estate in that. If she had not also the same estate in the latter portion devised to be distributed to his children, then was the intention of the testator to dispose of his whole estate by will disappointed. For if she had but a life estate, the remainder was undisposed of.

In item fifth of the will the testator, after directing his executors to sell and dispose of the residue of his real and personal property, directs that the proceeds of it shall be "distributed amongst (his) my ten children and their heirs, in manner following, to wit: "Sixth, it is my will that my three sons," naming them, "shall have and receive from my estate two hundred dollars each, of the first money coming from my said real estate, over and above the rest of my children. Further, it is my will that the balance or residue of my estate shall be divided equally *amongst all* my ten children, heirs or assigns, except my daughter Barbara, *who* was intermarried to Christian Snyder, now a widow. She is to have only the interest of one share during life," &c., &c., &c.

It is apparent that item fifth was the disposing clause of the will, and that unmistakeably gives an absolute estate in one share to Barbara. Whatever he gave in that clause was to his "*children and their heirs.*" Item sixth, as expressly stated, was principally devoted to define the mode of distribution and the manner of enjoyment, and in that he limits, or attempts to do so, his daughter Barbara to the interest of her share for life. I say *her* share, for he had expressly given her a share in his estate by item fifth. That Barbara asked no more during her life does not prove that she had not a greater estate than a mere life estate. There was no bequest over of the remainder of Barbara's estate, and if there was a remainder, of that the testator died intestate. It equally appears, from the absence of a residuary clause, that each child was supposed to have gotten all that was intended in their respective specific legacies, and this strengthens the idea that there was to be no remainder of Barbara's estate. The words of the will being sufficient to give her an absolute interest, and the subjoined provision only operating on the manner of enjoyment, these things taken in connection with an evident intent of the testator to dispose of his entire estate, and the ab-

[Silknitter's Appeal.]

sence of any residuary clause, all show that the bequest to Barbara was of an entire share. Strictly the devise to her of the interest of the fund, there being no trustees interposed, and no investment directed, would, without more, have carried an absolute estate in the fund to her: 19 Vesey, Jr. 416; 1 Johnson's Chan. Rep. 494; Schriver *v.* Cobeau, 4 Watts 130; Garrett *v.* Rex, 6 Id. 14; Hellman *v.* Hellman, 4 Rawle 444. Without this implication, however, we think the will gave her an absolute estate, and that it must go to her administrator for payment of debts, and the residue after that to her heirs.

Decree affirmed at the costs of the appellants.