## Roberts's Appeal.　Geiger's Estate.

1. In a bequest, the words "in case," imply a condition as explicitly as "if," "upon" and the like, and express a condition.

2. Primâ facie the gift of the product of a fund is the gift of the product in perpetuity, and, consequently, is a gift of the fund itself.

3. A testator directed his executors to invest in stock or real estate $1000, the income to be applied to the support and education of his nephew, "until he attains the age of twenty-one years; and in case he live to attain that age," he gave the stock, &c., to him and his heirs. There was no bequest over. He gave to other legatees the income of funds during their lives, to their children at their death, and if they left no children, over. He gave the residue of his personal estate to three nieces—to one, to be paid "only in case" she attained twenty-one, otherwise to the other two. *Held*, that the legacy to the nephew was vested, and on his death, although under twenty-one, passed to his representatives.

May 18th 1868.　Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.　STRONG and READ, JJ., absent.

Appeal of Alexander Roberts, John W. Cowden and John A. Weir, from the decree of the Orphans' Court of *Dauphin county*, in the estate of George Geiger, deceased: Of May Term 1868, No. 53.

The decedent died about September 1853, having never been married, and leaving a will which was proved on the 8th of that month, and letters testamentary granted to Joseph Geiger, the executor named in it.

By his will, amongst other things, he directed $2000 to be set apart in stock, which he specified, and the dividends to be paid to his "niece Sally Fernsler during her lifetime, and at her decease" he gave the stocks or other proceeds "absolutely to her children in equal shares." He gave to Peter, Mary and Magdalena Walter each the dividends of certain stocks, specifying them, "so long as each of said three legatees shall live, and if any one of them die leaving issue, such issue to take the principal stock of their parent absolutely, but if any one or more of them die without issue then their share or shares of the dividends to go to the survivor during life, and the principal to his children, if he leave any, absolutely: and at the decease of the survivors without issue," he gave the stock or its proceeds to Michael Walter absolutely. He also gave a number of legacies of money and chattels absolutely to the legatees. He gave his real estate in different proportions to his nieces Anna Unger, Charlotte Geiger, and grandniece Mary L. Eppley during life and afterwards to their children, but if they should die leaving no issue, he gave it to his nearest blood relations. He also gave as follows: "I direct my executors to vest in stock or in the purchase of good real estate in the county, the sum of one thousand dollars, the dividends, rents or profits of which to be applied to the support and education of my nephew

[Roberts's Appeal.]

George Geiger, son of Hiram Geiger, deceased, until he attains the age of twenty-one years, and in case he live to attain that age, I give the said stock, money or land to him and his heirs." * * * "I give and bequeath all the residue of my personal estate to the said Anna Unger, Charlotte Geiger and Mary L. Eppley, the one-third part thereof to be secured on real estate, and to be paid to the said Mary L. Eppley only in case she lives to attain the age of twenty-one years; and in case she should die before arriving at that age leaving no children, I give her third in said residue to said Anna Unger and Charlotte Geiger."

Charlotte Geiger married Alexander Roberts, and died leaving minor children, of whom John W. Cowden is guardian. Administration of her estate was granted to Alexander Roberts. Mary L. Eppley is a minor, and has for her guardian John A. Weir. George Geiger (son of Hiram Geiger), the legatee above named, died in April 1865, unmarried and under the age of 21 years; leaving a mother, Elizabeth Geiger.

On the 8th of May 1866, Roberts, Cowden and Weir petitioned the court to order the executor to pay them, representing two of the residuary legatees, two-thirds of the legacy bequeathed to George Geiger.

The executor answered that the legacy was claimed by Elizabeth Geiger, the mother of the legatee, she alleging that it was a vested legacy in him.

The Orphans' Court (Pearson, P. J.) held that the legacy was vested in George Geiger, and must go to his legal representatives; and dismissed the petition with costs.

The administrator and the guardians appealed, and assigned the decree of the Orphans' Court for error.

*D. Fleming*, for appellants.—If the time of payment is annexed to the legacy it is contingent; if to the payment it is vested: Seibert's Appeal, 1 Harris 503; King v. Crawford, 17 S. & R. 118; Moore v. Smith, 9 Watts 403.

A legacy "in case" the legatee attains a certain age is contingent: 1 Roper on Legacies 383–392; Knight v. Cameron, 14 Ves. 389. Where the income only is given to a particular time and the principal is directed for the first time to be given to the legatee at the end of the period, the legacy is contingent: Batsford v. Kebbel, 3 Ves. 363; Wadley v. North, Id. 367; Bolger v. Mackell, 5 Id. 514; Sansbury v. Read, 12 Id. 75; 1 Jarman on Wills 762. As to effect of allowance of interest: Pulsford v. Hunter, 3 Brown's C. C. 416, notes; McBride v. Smyth, 4 P. F. Smith 245.

*Herman Alricks*, for appellee.—The first taker is the principal object of the testator's bounty: Rewalt v. Ulrich, 11 Harris 388.

When the intermediate income is given to the legatee, legacies which would otherwise be contingent are vested: 1 Jarman on Wills 733, 766; 1 Roper on Legacies 382, 387; Walcott *v.* Hall, 2 Brown's C. C. 305; Lane *v.* Goudge, 9 Ves. 225; Schriver *v.* Cobeau, 4 Watts 130; Garret *v.* Rex, 6 Id. 14; Stark *v.* Molleson, 8 Id. 432. If doubtful, the law inclines to treat it as vested: Burd *v.* Burd, 4 Wright 182; Letchworth's Appeal, 6 Casey 175; Manderson *v.* Lukens, 11 Harris 33; Silknitter's Appeal, 9 Wright 365; Leake *v.* Robison, 3 Mer. 263.

The opinion of the court was delivered, July 2d 1868, by

THOMPSON, C. J.—The testator, George Geiger, deceased, left a will, containing numerous bequests and devises, and among them one to a grand-nephew, in the following words, viz.: "I direct my executors to vest in stock, or in the purchase of good real estate in the county, the sum of $1000; the dividends, rents, or profits of which, to be applied to the support and education of my nephew George Geiger, son of Hiram Geiger, deceased, until he attains the age of twenty-one years; and in case he lives to attain that age, I give the stock and money, or land, to him and his heirs." Geiger died before attaining his majority, unmarried, and the question in the court below was, whether the *corpus* of the bequest was vested in the legatee, or was contingent, depending on his attaining the age of twenty-one years. In other words, whether it passed under the intestate laws to his legal representatives, or to the residuary legatees in the will. The court below held that it was vested and descended to his heir at law under the intestate acts.

Were it not for certain rules of construction, in themselves somewhat artificial, but more than once applied to cases of bequests of the above description, I should feel much inclined, as was the learned judge below, to hold the bequest of the *corpus* of the legacy in this case to have been contingent, and not vested at the death of the legatee. The words are, "in case he lives to attain that age" (twenty-one years), "I give the stock, money, or land, to him and his heirs." The words "in case" imply a condition as explicitly as "if," "upon," and the like, and express a contingency, which contingency was in this case dependent on attaining the designated age.

If the words just quoted stood alone no doubt that the legacy would have been contingent, but they are preceded by what it is thought, on authority, controls and leads to a different result in this case. In the first place, the testator severs from the body of his estate $1000, to be invested, to make a provision for the support and education of his nephew. This is an indication of an intent to make him the beneficiary of the *corpus* of the legacy, especially as here, where he provides no limitation over to any

person or persons in the event of the decease of his nephew before attaining age. The setting apart of the sum mentioned—making no disposition over in the event of death before twenty-one, and the purpose being one of support and education, are strong circumstances of an intention to give the income until twenty-one and then the possession of the principal. The law indeed attributes this intention in the absence of anything to control this form of bequest. Adamson *v.* Armitage, 19 Ves. 416, cited and recognised in Hellman *v.* Hellman, 4 Rawle 440 ; in Schriver *v.* Cobeau, 4 Watts 130, and in Garret *v.* Rex, 6 Id. 14, clearly establish the rule, that primâ facie the gift of the product of a fund is a gift of that product in perpetuity, and consequently a gift of the fund itself. As an indication of intention, it seems to me, it is not weakened by fixing a period at which the gift of the principal is to take effect. In Schriver *v.* Cobeau, the bequest was, " I give unto my nephew Alexander Cobeau, the interest arising from one share of 5 per cent. state stock, the nominal share being $1000 ; and *when* the principal is paid off by law, *then* I give to him the principal arising from such share." This court held that the legacy, both as to the *corpus* and product, was vested upon the principle announced in Adamson *v.* Armitage, 19 Ves. 416 ; citing Fonnereau *v.* Fonnereau, 3 Atk. 645, 1 Ves. 118, and Fearne on Cont. Rem. & Ex. Dev. 465. This was a case much like the present, and not distinguishable in principle, although there are other considerations noticed in this case which make it the stronger, in reference to the principle, of the two. Speaking of the form of the bequest in that case, Sergeant, J., said, " the testator meant that the legatee should enjoy the *corpus* of the bequest in the way it was most susceptible of profitable enjoyment—the interest while interest—the principal when principal." This remark is applicable as fully to the case in hand as it was to that. Another consideration mentioned in that case is equally applicable here. " A different construction," continues the learned judge, " would deprive the children of the legatee, if he have any, of the property, in the event of the parents dying before the expiration of the loan." This is an intention hardly to be attributed to the donor of such a bequest as that under consideration, and it is intention we are exploring. If that is not to be attributed, its opposite follows as a necessary result. I do not mean, however, to say, that this consideration alone would lead to the conclusion of a vested interest, but with the other considerations alluded to, I think we cannot fail to regard the decision below, as to the legacy being vested in the legatee, as the true exposition of the law of the case. I ought perhaps to have noticed, that the testator, in one or more of the bequests in his will, contingent on arriving at age, has limited them to other persons by proper provisions, in case of the decease of the first legatee ; showing that when he

intended this, he had it properly provided for in his will. He omitted that as already noticed in this bequest.

The distinctive difference between devises of realty and personalty aids in construing clauses in wills like the one under consideration. In the former, words of limitation must be added to give more than a life estate; but in the latter, words of qualification are required to restrain the extent and duration of interest: 2 Rop. on Leg.; 4 Rawle 440; 6 Watts 14, and 4 Id. 130, cited *supra.* No words are used to qualify the bequest in this case; and therefore there is full play for the principles which which gives to it the quality of a vested interest upon the principles referred to.

> The decree of the Orphans' Court is affirmed at the costs of the appellants.