RICHARD ROLFS, Appellant, v. T. L. MULLINS, Appellee.

**WORDS AND PHRASES:** Construction—"Upon." "Upon" does
1  not necessarily signify a state of being *up* and actually *on*, but
may denote *close proximity* only. So held where an ordinance
required of automobile drivers a signal "upon traversing a cross-
ing."

**STATUTES:** Construction—Connection of Words. Principle recog-
2  nized that, in the construction of words and phrases, very much
depends on the connection in which the same are used.

**EVIDENCE:** Opinion Evidence—Purpose or Motive of Another.
3  One may not give his opinion as to the unknown and undiscov-
erable motive or purpose of another.

*Appeal from Dallas District Court.*—J. H. APPLEGATE,
Judge.

FRIDAY, JUNE 22, 1917.

ACTION for damages in consequence of collision with
automobile resulted in judgment for defendant: The plain-
tiff appeals.—*Affirmed.*

*George Wambach, Dingwell & Clarke,* for appellant.

*White & Clarke* and *Hunn & Jones,* for appellee.

LADD, J.—The facts are stated in *Rolfs, Administrator,
v. Mullins,* 179 Iowa 1223. As in that case, no objections
were interposed to the instructions prior to submission
of the issues to the jury, and what was there said dis-
poses of the contentions that want of contributory neg-
ligence on the part of plaintiff, and negligence of defend-
ant, were conclusively established. A ruling on the admis-
sibility of evidence and a refusal of an instruction requested
only require consideration.

I. It appears from the opinion men-
tioned that defendant was operating his au-
tomobile on the south side of High Street,
moving easterly toward Twelfth Street, and

1. WORDS AND
PHRASES:
construction:
"upon."

slowed down, near to stopping, to allow a street car to swing around the corner from Twelfth Street into High Street, and that, as soon as there was room, the automobile increased its speed. The front wheels were then about 20 feet west of the west line of Twelfth Street, and, as the automobile started up, the horn was sounded. The jury might have found that it was not sounded again prior to the collision. A section of an ordinance of the city ·of Des Moines, regulating the use of motor vehicles on the streets, was introduced in evidence. It reads:

"Pedestrians are hereby given the right of way over the crossings at street intersections, and, upon approaching a crossing or intersecting ways,' and also upon traversing the crossing or intersection, the person in control of an automobile or other motor vehicle, as defined in the statutes of this state, shall sound a signal in such a way as to give warning to other vehicles and to pedestrians of his approach, and shall reduce the speed of such vehicle below that above specified, and shall not move at a greater speed than is reasonably safe and proper, having regard to the rights of pedestrians and to the traffic and use of intersecting ways."

With reference thereto, counsel requested the court to instruct that:

"One of the grounds of·negligence charged in this case is that the defendant failed to comply with the provisions of the ordinances of the said city of Des Moines providing for warning to be given to pedestrians of the approach of automobiles. You are instructed that, under the testimony in this case, it is admitted upon the part of the defendant that the only warning given at said Twelfth and High Street upon the night of the injury, was at the approach of the street crossing on the west side of Twelfth Street. You are further instructed that, by the terms of the said ordinance, the defendant was required to sound a warning,

while traversing the street intersection, and that his failure to do so constituted negligence on the part of the defendant; and if you find that such failure to give warning was the proximate cause of the injury complained of, and if you find that, by the giving of such warning, said accident and injury could have been avoided, then and in that case your verdict should be for the plaintiff, unless you find that at such time the said plaintiff was not exercising reasonable care for his own protection and safety."

The court refused to so instruct, and instead, told the jury, in substance, that the warning contemplated by the ordinance was such signal as drivers of automobiles generally sound, where other persons may be in danger from the running of the car, and that:

"From the situation then presented, as shown by the evidence in this case, it is a question of fact for your determination, whether the signal or warning given by defendant, as shown by the evidence, was merely a signal of his approach to the crossing, such as required by the ordinance in question, or was a signal or warning upon his traversing said crossing or intersection, and whether such warning as is shown to have been given by the defendant was a reasonable compliance with the provision of said ordinance, which requires that a signal or warning be given of an automobile traversing a crossing or intersection of streets in the city of Des Moines."

2. STATUTES: construction: connection of words.

Whether, in event no signal was sounded as required, such omission was the proximate cause of the collision, was then submitted. It will be seen that the controversy settles down to the one inquiry; i. e., whether the ordinance required that warning be given while actually on and traversing the intersection, or when about to enter the same. The meaning of the word "upon" ordinarily is the same as "on" (*State v. Hitchcock,* 241 Mo. 433 [146 S. W. 40,

51]) ; but this is not at all definite, for the meaning of "on"
varies with the connection in which used. Thus "upon"
may mean "as soon as," as where something is to be done
upon receipt of money (*Smith v. Nesbitt*, 2 Common Bench
285) ; or "near to," as in the phrase "upon the Atlantic
seaboard" (*American Fisheries Co. v. Lennen*, 118 Fed. 869,
873) ; or "at the time of," as, "upon the death" of a named
person, title to certain property shall devolve 'on the one
named (*In re Melcher*, 24 R. I. 575 [54 Atl. 379]), and
where, upon admission to office, immediate qualification is
required (*Regina v. Humphery*, 10 Adol. and E. 335) ; or
signifies a condition precedent, as, when used in a contract
of subscription, "provided that upon such payment there
shall be delivered a certificate of stock, etc.," a tender of
stock is a prerequisite to the maintenance of an action on
the subscription (*Courtright v. Deeds*, 37 Iowa 503) ; or
"upon condition that" (*Little v. Wilcox*, 119 Pa. 439 [13
Atl. 468]) ; or "in case of" (*Appeal of Roberts*, 59 Pa. 70
[98 Am. D. 312]) ; or "after" (*Brown v. Ferren*, 73 N. H. 6
[58 Atl. 870], *Murray v. Davis*, 21 N. D. 64 [128 N. W.
305]) ; or "at the time of" (*Archer v. Jacobs*, 125 Iowa 467,
*Brown v. Clough*, 39 Me. 566).

From these authorities, it is apparent that the meaning
to be attached to the word depends largely on the connec-
tion in which found. Though sometimes signifying literally
up and actually on, it is more often employed as indicating
proximity, or "the time of;" and we are of the
opinion that the giving of warning "upon traversing," as
found in this ordinance, means that such warning is re-
quired to be sounded at the time of and in close proximity
to the intersection; that is, when about to enter thereon.
Motor vehicles move at high speed, even in cities. They are
made and used for such purpose. To be effective in warn-
ing others of the approach of an automobile, signal of ap-
proach must be given somewhat in advance. Otherwise,

opportunity to avoid collisions therewith is not afforded. Greater protection ordinarily will be given by sounding the warning when about to enter on the intersection than when actually traversing it. Indeed, any other construction would defeat the purpose had in the enactment of the ordinance, i. e., that of guarding against danger to other travelers on or about to enter the intersection; for warning, in passing over the intersection, would be likely to be given when the automobile had come too near to enable either party to avoid the danger warned against. The design of the ordinance is that warning be given when approaching the intersection, in order to put others on the lookout, and, when at and about to traverse the intersection,. another warning be sounded that the automobile is going on what the city council, in enacting the ordinance, evidently regarded as the danger zone. The court's instruction was as favorable to plaintiff as, if not more favorable than, he was entitled to have it. The instruction requested was rightly refused. It should be added that the power of the city to enact such an ordinance was not challenged, and for that reason is not considered. But see Sec. 1571-m18, Code Supplement, 1913.

II. The defendant's daughter, Doris, testified that she heard her father "honk the horn" as the street car passed and the automobile started on. On cross-examination, objections to inquiries as to the purpose of doing so, as for an automobile coming from the north, were sustained, and the ruling was correct. She could not well have known her father's purpose in what he did, and moreover the motive was immaterial, if in fact the warning was sounded.

3. EVIDENCE: opinion evidence: purpose or motive of another.

The judgment is—*Affirmed*.

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.