## Fitzgerald, etc., v. Fitzgerald et al.

*Robert L. Bennett* and *John Boar*, for plaintiff.

*Romeyn F. Culver, Charles M. Culver* and *J. Roy Lilley,* for defendants.

FARR, P. J., forty-fourth judicial district, specially presiding, September 18, 1950.—This case comes be-

fore us upon petition for a declaratory judgment, asking us to construe the will of William P. Fitzgerald, deceased, and specifically paragraph 8 of such will. The testator died on April 16, 1950. We filed our opinion on July 15, 1950, to which exceptions were taken. We will now endeavor to dispose of the exceptions.

Paragraph 8 is as follows:

"I give and bequeath unto my brothers, Thomas E. Fitzgerald and John F. Fitzgerald all tires on hand in my garage business at the time of my death and the use of all other equipment and my garage building and I further give them my garage business conditioned, however, that they pay all taxes and insurance on the building and business and pay to my estate the inventoried value of all automobile parts in said business at the time of my decease and further conditioned that they pay the sum of One hundred ($100.00) dollars per month from the date of my death to my estate and further conditioned that when my son, William Fitzgerald, 3rd shall become twenty-one years of age he shall have an undivided one-half interest in said garage business without payment therefor and upon the further condition that if my said brothers shall sell said business, parts, equipment, tow truck, gasoline and oil before my son, William Fitzgerald, 3rd shall arrive at the age of twenty-one years, my said son is to have one-half of the proceeds thereof to be paid to my said executor and retained by him as a trustee, and payable to my said son, William Fitzgerald, 3rd., when he shall arrive at the age of twenty-one years. I give and bequeath the remainder thereof, including among other things the receivables, cash, new and used cars, to my wife, Dorothy Y. Fitzgerald."

It appears that all of the objects of testator's bounty were living at the time of his death; that he was 51 years of age; that his son, William, was 16 years of age and his daughter, Miriam, was nine years of age;

that his brother, Thomas, was 47 and John 45; that the estate amounted to $231,000; that he left real estate owned jointly by himself and wife of the value of $25,000, and life insurance payable to his wife of probably $70,000. The will appoints his wife, Dorothy, as executrix, to whom letters testamentary have been granted, and appoints her the trustee for the children. The trusts amount to $15,000 for each child. He provides for the payment of the income and the principle if trustee deems it necessary for maintenance and education, and $5,000 when the child arrives at age 21 and $100 per month thereafter until the child arrives at the age of 27.

The Act of April 8, 1833, P. L. 249, sec. 9, provides:

"All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over or by words of limitation or otherwise, in the will, that the testator intended to devise a less estate."

The Act of April 24, 1947, P. L. 89, sec. 14, 20 PS §180.14, provides:

"In the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in accordance with the following rules: (3) Devises of real estate. All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity."

In Hall v. Dean, 72 Pa. Superior Ct. 599, a testator gave and bequeathed to his dear wife, Huldah, the use and occupation of the part of the home farm described. The court said:

". . . gift must be an absolute one within the authorities, and the intention of testator to limit the estate must not appear with sufficient clarity to overcome the previously expressed intention to give an

absolute estate. . . . In the present case the first clause of the will gives the widow, Huldah, the 'use and occupation', without limiting the enjoyment of the land to her life, or in any other way. This devise was in fee simple: See Saxton et al. v. Mitchell, 78 Pa. 479, 483; Armstrong v. Michener, 160 Pa. 21, and under the Act of 1833, remains a devise in fee simple unless cut down by a subsequently expressed intention in the will."

The authorities are numerous. "A bequest of the use or interest of a thing is considered as a bequest of the thing itself": Schriver v. Cobeau, 4 Watts 130; Westhuff v. Dracourt, 3 Watts 240, 244; Silkmitter's Appeal, 45 Pa. 365; Wilson et al. v. McKeenan, 52 Pa. 79; Curry v. Patterson, 183 Pa. 238.

"The rule is an artificial one of ancient origin, the reason being as stated in Co. Litt. 4, 6, 'For what is the land but the profits thereof for thereby vesture, herbage, trees, mines, and all whatever parcel of the land doth pass.' But, like all other canons of construction, it falls in the face of a contrary intention indicated by the will: Jarman on Wills, Volume 2, page 1264. In Kline's App., 117 Pa. 139, we stated: 'Of course, an unqualified gift of the income of land is to be taken as a gift of the land itself . . .'": Gibbons' Estate, 317 Pa. 465, 466.

We have sought in vain to find any limitations upon the gift of the use of this garage building. Counsel for plaintiff have furnished a brief and several answering briefs and they have been unable to point to us any limitation. Counsel for plaintiff contend that the gift of the tires in paragraph 8, then following a gift of the use of the garage building and then returning to the gift of the equipment, indicates that testator intended by the word "use" to limit the estate granted and that he intended only a license. At the

argument we were impressed by this, but the authorities do not sustain the contention.

We were somewhat disturbed by the conditions expressed in paragraph 8, that is, the payment of $100 per month to the estate. "There is no such entity as an estate": Jones v. Beal, 217 Pa. 188; and a deed made to an estate is void. Originally the word "estate" applied to lands of a decedent, but later it has come to apply to and include all the property left by decedent. The use of the word, however, in a will may mean heirs, executors, trustees. See Martin v. Hale, 167 Tenn. 438, 71 S. W. (2d) 211. We have come to conclude that testator probably used the word "estate" to signify executors and trustees. He certainly did not intend to bind this garage and the equipment for the payment of $100 a month ad infinitum. It will end sometime without affecting the title, because ". . . when a condition subsequent is or becomes impossible of performance, the gift, whether of personalty or realty, remains in effect discharged of the condition . . .": 57 Am. Jur., pp. 1019, 1020.

It will be observed that he gives the use of the "garage building". It is well settled that a devise of a "house" or a "dwelling house", whether the word "appurtenances" is added or not carries with it the land which it physically covers and also a certain amount in addition, the latter varying, according to the circumstances of the individual case, from the "acre or more" referred to by Coke to whatever amount is necessary properly and conveniently to enjoy the use of the house devised or the entire curtilage customarily inhabited by testator during his lifetime as a single unit or establishment: Jones v. Holloway, 183 Md. 40.

There is nothing in the case to inform us as to whether the garage stands on a small lot or many acres. Therefore this devise includes whatever amount

is necessary properly and conveniently to enjoy the use of the garage building devised, or the entire curtilage customarily used by testator during his lifetime as a single unit or establishment.

We have also considered the residuary clause in paragraph 8. This paragraph deals entirely with the garage building, its contents and the business and at the end thereof he gives the remainder, including among other things the receivables, cash, new and used cars. "Included among other things" refers to articles of a similar nature and not to the garage building, although the language might have included the garage had there been any restriction or limitation upon the estate granted. For discussion see 57 Am. Jur., pp. 952, 953.

This estate is granted upon conditions subsequent. The conditions bear no relation to the amount of the estate granted in the first instance. Failure to comply with the conditions may defeat the estate but an estate may be granted upon any condition which is not against the law. For full discussion see 19 Am. Jur., pp. 520 et seq.

The attorneys have given us every benefit of their thought and industry but in spite of their labors and our own examination of all of the authorities that we can find on the subject, we are bound to be guided by the ancient rule that a gift of the use of the thing without limitations is a gift of the thing itself.

We were somewhat hurried in our first consideration of this case and were constrained to believe that testator intended to grant no greater estate than that for life, although we must confess that we found little authority for such conclusion.

Therefore, now to wit, September 14, 1950, we sustain the exceptions and enter the following judgment:

1. That Thomas E. Fitzgerald and John F. Fitzgerald under the will of William P. Fitzgerald, de-

ceased, take and are entitled to have a fee simple estate in the garage building mentioned in paragraph 8 of the will, which estate is subject to the conditions stated in the paragraph; and that they are entitled to such curtilage and part of the lot on which the garage stands as was customarily used for the purpose by the deceased.

We therefore direct that judgment be entered accordingly.