# Ritter, Appellant, *v.* Knerr.

*Will—Devise—Construction of will—Vested and contingent estates.*

Testatrix left the residue of her estate in trust with the intent of keeping it "intact" until after the death of her husband, and to pay one-half of the income to him during the joint lives of her son and husband, and to the latter in prescribed proportions according to circumstances, should the son die first. By a subsequent clause she directed that after the death of her husband all of the estate "and the income accruing therefrom, shall descend to my son." "Should, however, my son die before my husband all the estate shall remain intact until after the death of my husband." Then followed a different division of the income varying according to the survivorship of testatrix's grandchildren. In a subsequent clause she provided that after the death of the husband and the son the estate should remain in trust and the income "shall be for the use of the legitimate children of my son." The son died before the father. *Held,* (1) that the

estate devised to the son was contingent on his surviving his father, and as he died first it never vested; (2) that on the death of the father the estate passed under a dry trust to the son's children.

Argued Jan. 31, 1906. Appeal, No. 16, Jan. T., 1906, by plaintiff, from judgment of C. P. Lehigh Co., Jan. T., 1906, No. 59, on case stated in suit of Emily May Ritter and M. P. Schantz, executors of John H. Ritter, deceased, v. Harvey H. Knerr. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before TREXLER, P. J.

. From the record it appeared that plaintiffs claimed that under the will of Rachel E. Ritter, John Howard Ritter took an estate in fee simple, and that under a power of sale contained in the will of John Howard Ritter, they had a right to sell the property in question.

. The material portions of the will of Rachel E. Ritter are as follows :

" 2. All my other property real or personal, shall remain undivided between my husband, Lewis Ritter, and my son, John Howard Ritter. . . .

" The income accruing from said estate, real or personal, after all annual current expenses are paid, shall be divided equally between my husband, Lewis Ritter, and my son, John Howard Ritter.

" 4. After the death of my husband, Lewis Ritter, all of the estate, real or personal, and the income accruing therefrom shall descend to my son, John Howard Ritter.

"5. Should however, my son, John Howard Ritter, die before my husband, Lewis Ritter, all the estate, real or personal, shall remain intact until after the death of my husband, Lewis Ritter. My husband, Lewis Ritter, shall have for his use the three-fifths of the income and my granddaughter, Emily May Ritter, if she lives, two-fifths of the income after all current yearly expenses of said estate have been paid. Provided, That should my granddaughter, Emily May Ritter, die before her father, John Howard Ritter, or her grandfather, Lewis Ritter, my husband, then four-fifths (4–5) of the income shall be for the use of my husband, Lewis Ritter, and one-fifth (1-5) of the income to my

grandson, Howard Edward Ritter, son of my son, John Howard Ritter. Provided, That should my grandson, Howard Edward Ritter die before my husband, Lewis Ritter, then the entire income of said estate, real or personal, shall be for the use of my husband, Lewis Ritter, during his natural life. Provided also that this article shall not affect the provisions of article fourth.

" 6. After the death of my husband, Lewis Ritter, and my son, John Howard Ritter, all remaining estate, real or personal, if any, shall remain in trust and the income of which shall be for the use of the legitimate children of my son, John Howard Ritter, to be divided equally."

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on case stated.

*Francis G. Lewis*, for appellants.

*James L. Schaadt*, with him *Charles W. Kaeppel*, for appellee.

PER CURIAM, March 5, 1906:

The testatrix left the residue of her estate in trust, the dominant intent of which is unquestionably to keep the estate " intact " until after the death of her husband, and to pay one-half of the income to him during the joint lives of her son and husband, and to the latter in prescribed proportions according to circumstances, should the son die first.

By the fourth clause of the will, after the death of the husband all of the estate " and the income accruing therefrom, shall descend to my son," etc. This meant a fee to the son, but it was contingent on his surviving the husband, for the very next clause is " should however, my son die before my husband all the estate shall remain intact until after the death of my husband," and thereupon follows a different division of the income varying according to the survivorship of testatrix's grandchildren. Then in the sixth clause it is provided that after the death of the husband and son the estate shall remain in trust and the income " shall be for the use of the legitimate

children ,of my son." The estate devised to the son, John H. Ritter, was therefore contingent on his surviving his father, and as he died first it never vested. On the death of his father, testatrix's husband, the estate passed under a dry trust to John's children. John's executors had no title to convey and the judgment was rightly entered for the defendant on the case stated.

Judgment affirmed.