## Thompson's Estate.

*Will—Construction—Legacy—Absolute gift.*

1. Testator provided in his will "Two policies" of life insurance "made out in the name of my daughter, I bequeath to her the proceeds from same to be placed at interest for her use and the use of her foster mother M. I also want my administrator to give of the first moneys in his hands $300 to said M. so she and my daughter may have the means to live in until the insurance is paid and interest come from same. All the balance of estate, after debts are paid, to go to my wife, to do with it as she pleases." After the date of the will the insured's estate in some manner was substituted as a beneficiary in the policies. *Held,* (1) that the word "proceeds" had no other signification than to distinguish between the policies and what would be realized thereon in connection with the matter of investment; (2) that the daughter took an absolute estate in the proceeds of the insurance subject to a life interest in one-half thereof in M.

2. A bequest of the interest or produce of a fund without limitation as to the extent of its duration is a bequest of the fund itself.

Argued Oct. 18, 1911. Appeal, No. 89, Oct. T., 1911, by the Commonwealth Trust Company, Guardian ad litem for Helen Thompson, from decree of O. C. Allegheny Co., April T., 1910, No. 63, dismissing petition for review in Estate of William A. Thompson, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition for review.

The facts are stated in the opinion of the Supreme Court.

MILLER, J., dismissed the petition, filing the following opinion:

The direction is that the proceeds of the insurance fund be placed at interest, for the use of the daughter, Helen, and for the foster mother, Mrs. Brown; the principal sum is not given; the devise of $300 to Mrs. Brown and Helen was exclusive of the insurance money; it was to tide these two over until interest began on the latter.

The clear language and the manifest intention was to give these two the income only on this fund; the principal, the residue, "all the balance" went to his wife; this is not the case of a gift of income only; the corpus itself is disposed of in the residuary clause; the widow's election to take against the will does not constitute the principal thus remaining an absolute gift in those who are expressly limited to the income therefrom.

Who may be ultimately entitled to the principal need not now be determined; the purpose of the will will be carried out by the trustee in the payment of the income to the beneficiaries and the survivors thereof. When this trust terminates will be time to determine the ultimate disposition of the principal.

*Error assigned* among others was decree dismissing the petition.

*Harvey A. Miller*, for appellant.—The testator never intended by the residuary clause that his widow should have the corpus of this fund after the child had received the income on it for life. If this fund is not covered by the residuary clause then the gift to Helen Thompson, whether the language is strong enough to pass the corpus or not, is a gift of the income without limitation as to continuance and passes the fund itself: Garret v. Rex, 6 Watts, 14; Bruch's Est., 185 Pa. 194; Siegwarth's Est., 33 Pa. Superior Ct. 622.

*Verner L. Barbor*, for appellee.—A bequest of interest or income will not carry an absolute estate in the principal where the plain intent appears to sever such interest or income from its source: Ritter's Est., Shissler's App., 148 Pa. 577; Bentley v. Kauffman, 86 Pa. 99.

OPINION BY MR. JUSTICE STEWART, January 2, 1912:

The will over which this dispute arises reads as follows: "Being sound in mind and body I do hereby declare this my

last will and testament. Two policies of the Mutual Life Insurance Co. of N. Y. viz. No. 1302230 and No. 1308602 each for Five thousand dollars ($5,000) made out in the name of Helen Thompson, my daughter, I bequeath to her the proceeds from same to be placed at interest for her use and the use of her Foster Mother, Mrs. Marie Brown, in whose care she has been since her birth. I also want my administrator to give of the first moneys in his hands Three hundred dollars ($300) to said Mrs. Marie Brown so she and my daughter may have the means to live in until the insurance is paid and interest come from same. All the balance of estate, after debts are paid, to go to my wife, Mary E. Thompson, to do with it as she pleases. (Signed) W. A. Thompson. January 22, 1907."

The dispute involves nothing but the insurance disposed of in the will. In the original policy, Helen Thompson, an illegitimate daughter, on whose behalf this appeal is taken by her guardian ad litem, was sole beneficiary. By some proceeding, the nature of which is not disclosed, the policies were changed. It is averred and not denied that the insured's estate was substituted as the beneficiary, and the amount of insurance by some means reduced, whether to meet certain exigencies of the insured we do not know. All we know is that instead of $10,000 being recovered on the policies, the net amount realized therefrom and subsequently awarded was $5,970.74, equalling about the one-half the entire estate. The testator's right of disposition with respect to this insurance remained, and it is simply a question of what disposition be made of the fund. The view taken by the learned judge of the orphans' court was that the will gave to the daughter Helen and her foster mother simply the income of the principal sum. This view was derived from the use of the word "proceeds" as it occurs in the text of the will, by interpreting it as though the testator in using the word had reference to the income to be derived from an investment thereafter to be made of the money realized on the policies, overlooking the fact that by the plain language of the will imme-

diately preceding the use of the word "proceeds," there is a bequest of the policies in express terms to the daughter. The policies were not the subject of investment, but what was realized therefrom would be. What this would amount to depended on the insured's indebtedness on the policies when death happened. The word "proceeds" evidently we think had no other signification than to distinguish between the policies and what would be realized thereon in connection with the matter of investment. The word was appropriate for this purpose, and it is only in that connection that its appropriateness or meaning is apparent. The further direction that his administrator was to pay over to Mrs. Brown out of the other estate the sum of $300, so that "she and my daughter may have the means to live in until the insurance is paid, and interest comes from same," is confirmatory of this view, especially so since it is only the balance of his estate after being reduced to the extent of this $300 that is given to his wife Mary E. Thompson. By balance of his estate testator evidently meant balance of that estate out of which he directed the $300 to be paid. It results from this view that notwithstanding the gift to Helen Thompson is the proceeds of the insurance policies, the bequest is an absolute one, since there is no limitation upon the extent of its duration. "A bequest of the interest or produce of a fund without limitation as to the extent of its duration, is a bequest of the fund itself:" Garret v. Rex, 6 Watts, 14. We can discover in the will no intention on the part of the testator to sever the produce from its source, and in the absence of such intention the rule just quoted applies. In distributing the estate the court awarded the net sum of $5,970.74 derived from the policies "to trustees to be appointed for Helen Thompson and Marie Brown, the income to be paid to them or the surviver of them, for life as per will." Helen Thompson at the time of the distribution was a minor below the age of fourteen without guardian. Later the Commonwealth Trust Company was appointed her guardian and immediately thereafter filed

its petition asking for the modification of the decree so that the principal sum or corpus should be decreed absolutely to Helen Thompson, subject to a life interest in the one-half thereof to Mrs. Marie Brown.   This petition was dismissed and the appeal is from that order.   We are of the opinion that the gift to Helen Thompson, as we have said was absolute, subject to a life interest in the one-half thereof to Mrs. Marie Brown; and it is now ordered that the petition be reinstated, and that the matter be proceeded with to final decree in accordance with the views here expressed, the costs on this appeal to be paid out of the estate of William A. Thompson, deceased.