## Doverspike's Estate.

*Will—Distribution—Reduction of legacy—Gift to children.*

Where a testator gives the whole residue of his estate to his six children naming them, share and share alike, "excepting a reduction of five hundred dollars of each" naming four of the children, "equal in all to two thousand dollars," distribution is to be made by adding two thousand dollars to the entire amount for distribution, and after this entire amount is divided into six equal parts by deducting five hundred dollars from the shares of each of the four children whose shares are subject to reduction.

Argued May 10, 1915. Appeal, No. 51, April T., 1915, by Ivan Doverspike, from decree of O. C. Armstrong Co., June T., 1913, No. 25, sustaining exceptions to auditor's report in Estate of I. D. Doverspike, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of John S. Porter, Esq., auditor.

Item 4 of the will of I. D. Doverspike, deceased, was as follows:

Item fourth after all my lawful Debts are paid and a Monument erected for my wife and I, to cost from 8 to 1,000.00 Eight Hundred to one thousand Dollars, the balance of my property whatsoever kind Bank stocks other stocks Timber lands farm Houses and lots whatever kind mixed personal real estate and all Stocks & belonging to me, I give to my Children Each, and every one share and share alike. Cora D. Doverspike, Mrs. Edna L. McGregor, Mrs. Clare R. Rudolph, Mrs. Dayse D. Reed, Miss Pearl A. Doverspike, Ivan D. Doverspike. Excepting a reduction of 500.00 five Hundred Dollars of

318, (1915).]              Statement of Facts.

Each.   Cora L. Doverspike, Mrs.Edna L. McGregor, Mrs. Clare R. Rudolph, Mrs. Dayse D. Reed, equal in all to $2,000.00 Two thousand Dollars.

The auditor distributed the balance as follows:

Balance for distribution, ..................$3,273.03
        Distributed as follows:
1. To Ivan D. Doverspike, ........ $1,000.00
2. To distributees of Pearl A.
        Doverspike,  dec'd,  $1,-
        000.00, as follows:
   1. To Cora L. Doverspike, $200.00
   2. To Edna L. McGregor,   200.00
   3. To Clare R. Rudolph,   200.00
   4. To Dayse D. Reed,      200.00
   5. To Ivan D. Doverspike, 200.00 $1,000.00 $2,000.00

        Balance for distribution, ..........$1,273.03
3. To residuary legatees of I. D.
        Doverspike, as follows:
   1. To Cora L. Doverspike, .....$254.61
   2. To Edna L. McGregor, ...... 254.61
   3. To Clare R. Rudolph, ....... 254.61
   4. To Dayse D. Reed, ......... 254.60
   5. To Ivan D. Doverspike, ..... 254.60      $1,273.03

On exceptions the Orphans' Court by KING, P. J., distributed the balance as follows:

        Balance for distribution, ..........$3,773.03
To Ivan D. Doverspike, .........$962.17
To Pearl A. Doverspike,......... 962.17
To Cora L. Doverspike,.......... 462.17
To Edna L. McGregor, .......... 462.17
To Clare R. Rudolph, ........... 462.17
To Dayse D. Reed, ............. 462.17
                          ——————     $3,773.03

320 DOVERSPIKE'S ESTATE.

Statement of Facts—Opinion of the Court. [61 Pa. Superior Ct.

Share of Pearl A. Doverspike is redistributed to the following, as her agreed heirs at law:

To Ivan D. Doverspike, .........$192.43
To Cora L. Doverspike, ......... 192.43
To Edna L. McGregor, .......... 192.43
To Clare R. Rudolph, ........... 192.44
To Dayse D. Reed, ............. 192.44
                                ————————
                                        $962.17

*Error assigned* was the schedule of distribution filed by the court.

*Clark Simpson Hulings,* with him *H. A. Heilman,* for appellant, cited: Wood v. Schoen, 216 Pa. 425; Keene's Est., 221 Pa. 201; Dobbins Est., 221 Pa. 249; Long v. Hill, 29 Pa. Superior Ct. 606; Norris' Est., 217 Pa. 548.

*R. L. Ralston,* with him *James Rayburn,* for appellant, cited: McConomy's Est., 170 Pa. 140.

OPINION BY ORLADY, J., October 11, 1915:

A careful examination of this record convinces us that the construction placed by the Orphans' Court, on the fourth clause of the will of the decedent is correct, and that the method of distribution it adopted is the proper one under the authority of McConomy's Est., 170 Pa. 140; Engle's Est., 180 Pa. 215.

The decree is affirmed.