Lockhart's Estate.

Argued January 6, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*Theodore F. Jenkins,* for appellants, Wilmer Gardner Crowell, and William Gardner Crowell, 2d.—The construction of the auditing judge is not sustained by the

words of the will and the law applicable thereto. Testatrix clearly intended to provide for her mother, her stepfather, her stepbrother and his children. She bequeathed the income of her estate in equal shares to her mother and her stepfather during their joint lives and the whole of the income to the survivor of them during life.

Since the Act of July 9, 1897, section 1, P. L. 213, the word issue is no longer to be taken in an indefinite sense, but as referring to those left at the death of the ancestor.

The proper construction of the will gives to Wilmer Gardner Crowell a two-thirds interest in the principal of the estate and to his two sons the remaining one-third interest or at least the income respectively in those proportions during their lives. If the latter construction be adopted, or if the will be construed as giving interests to the children of Wilmer Gardner Crowell born subsequent to the death of the testatrix, all such interests must vest within the life of Wilmer Gardner Crowell, and therefore such a limitation is not in violation of the rule aginst perpetuities: Caldwell v. Skilton, 13 Pa. 152; Ewalt v. Davenhill, 257 Pa. 385; Wickersham's Est., 261 Pa. 121.

The bequest of income to Wilmer Gardner Crowell is without limitation and therefore is a bequest of two-thirds of the principal. Equally, the bequest to William Gardner Crowell and to the other possible issue of Wilmer Gardner Crowell is a bequest of one-third of the principal of the estate, the subsequently born children of Wilmer Gardner Crowell taking their proportion of the one-third of the principal of the estate upon their births respectively.

Where the interest of a legacy is given to or in trust for the legatee without any qualification, the principal will be considered as bequeathed also: Hellman v. Hellman, 4 Rawle 440, 450; Schriver v. Cobeau, 4 Watts 130; Garret v. Rex, 6 Watts 14; Parker's App., 61 Pa.

478; Millard's App., 87 Pa. 457; Thompson's Est., 234 Pa. 82.

All of the estate of the testatrix is personal. In gifts of personalty a different meaning is attached to the word issue from that which it bears when used in devises of real estate. The remaindermen take as purchasers: Sheets's Est., 52 Pa. 257.

If the proper construction of the will, as above argued, is that Wilmer Gardner Crowell took two-thirds of the principal of the estate, then the language of the present will is substantially that in Biddle's Est., 28 Pa. 59; Mickley's App., 92 Pa. 514; Stevenson v. Fox, 125 Pa. 568; Mitchell v. Ry., 165 Pa. 645; Stark's Est., 264 Pa. 232.

*Franklin Spencer Edmonds,* of *Edmonds, Obermayer & Rebmann,* with him *George B. Clothier,* for appellant, Members of the Philadelphia Churches of Christ Scientist.—Neither the life interests to Wilmer Gardner Crowell and his issue nor the remainder to charity are in violation of the rule against perpetuities: Moorhead's Est., 180 Pa. 119; Mylin v. Hurst, 259 Pa. 77; Carson v. Fuhs, 131 Pa. 256; Lilley's Est., 272 Pa. 143.

The present case is to be distinguished from the usual case where issue, as a word of purchase, denotes remaindermen and not, as here, life tenants: English's Est., 270 Pa. 1; Robins v. Quinliven, 79 Pa. 333.

This is not a case in which the word issue can properly be construed as "descendants ad infinitum," although it may elsewhere have that meaning: Lucas's Est., 14 Pa. D. & C. 624; Packer's Est., 246 Pa. 116.

It is clear from the will that the testatrix intended the word issue to mean children: Donohue v. McNichol, 61 Pa. 73; Wickersham's Est., 261 Pa. 121.

The will as construed by appellants creates a charitable remainder which is not rendered invalid by the rule against perpetuities: Wickersham's Est., 261 Pa. 121; Gageby's Est., 293 Pa. 109; Edwards's Est., 255

Pa. 358; Phila. v. Girard's Heirs, 45 Pa. 9; Johnston's Est., 185 Pa. 179; Bingaman's Est., 281 Pa. 497; Hunter's Est., 279 Pa. 349.

*John G. Kaufman,* with him *Albert T. Bauerle,* for appellee, cited: Lockhart's Est., 267 Pa. 390; Kountz's Est., 213 Pa. 390; Lilley's Est., 272 Pa. 143; Feeney's Est., 293 Pa. 273; Bender v. Bender, 225 Pa. 434.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1932:

In this proceeding we are called upon to construe the will of Josephine Lockhart. The court below determined that in certain features it violates the rule against perpetuities and awarded the estate under the intestate laws. It is contended by the various appellants that this adjudication is wrong.

It has been said that no will has a brother. It is doubtful whether this one has even more distant relatives. Its complexities have bothered counsel and courts in the past (see Lockhart's Est., 267 Pa. 390) and still continue to do so. We are now asked to determine finally what it means and whether it violates the rule referred to. It has been said that precedents are of little value in will cases: Swentzell's Est., 294 Pa. 261; Tarter's Est., 291 Pa. 458. This is a convenient expression when they are many and confused, or when the will defies classification under any of them.

The paragraphs of the will necessary to be considered appear in the reporter's notes. What can be gathered from it as to the intent of the testatrix? Wherein does it conflict with the rule against perpetuities prohibiting the creation of future interests or estates which by possibility may not become vested within a life or lives in being at the death of the testator and twenty-one years thereafter, together with the period of gestation? See 21 R. C. L. 282; Hillyard v. Miller, 10 Pa. 326, 334; City of Phila. v. Girard's Heirs, 45 Pa. 9, 26; Yard's App., 64 Pa. 95, 98; Coggins's App., 124 Pa. 10;

Rhodes's Est., 147 Pa. 227; Barton v. Thaw, 246 Pa. 348; Lilley's Est., 272 Pa. 143, 151; Feeney's Est., 293 Pa. 273; Gray, Rule against Perpetuities, 3d edition, section 214; Foulke, Perpetuities, etc., in Pennsylvania, section 329. The test in applying the rule is whether the prescribed contingency or event upon which vesting is to take place may not arise until after the time allowed by the rule of law within which the gift over must take effect: 21 R. C. L. 289; Foulke, Perpetuities, etc., in Pennsylvania, section 335. The rule is not one of construction, but a positive mandate of law to be obeyed irrespective of the question of intention. The proper procedure is to determine the true construction of the will, just as if there was no such thing in existence as the rule, and then to apply it rigorously in complete disregard of the wishes and intention of the testator: 21 R. C. L. 294; Bender v. Bender, 225 Pa. 434, 438; Gerber's Est., 196 Pa. 366, 375; Gray, Rule against Perpetuities, 3d edition, section 629. Where the gift is to a class, the class must be such that all the members of it must necessarily be ascertained and take absolutely vested interests within the period. If the gift is to a class and it is void as to any one of the class, it is void as to all: 21 R. C. L. 303, 308; Coggins's App., supra; Wickersham's Est. (No. 1), 261 Pa. 121, 127; Gray, Rule against Perpetuities, 3d edition, sections 373 et seq.; Foulke, Perpetuities, etc., in Pennsylvania, section 445. We will now endeavor to construe the will before us in the light of the testatrix's manifested intent and then apply the foregoing principles.

The eighth paragraph creates a trust of the residue of the estate and gives one-half of the income for life to William Gardner Crowell, stepfather of the testatrix, now deceased, and the other half for life to her mother, Virginia A. Crowell, who predeceased the testatrix. In the ninth paragraph, it is provided that, upon the death of these two life beneficiaries, two-thirds of the income is given to her half brother, Wilmer Gardner Crowell,

who is living, and one-third to his issue "for his, her, or their education, maintenance and support." At the time of testatrix's death, Wilmer Gardner Crowell had two living children, William Gardner Crowell and Robert H. Crowell.

First to be determined is what interests testatrix sought to create in the ninth paragraph of her will by providing that two-thirds of the income from the trust estate should go to Wilmer Gardner Crowell and one-third to his lawful issue for education, maintenance and support. In this connection the further dispositions with reference to income contained in paragraph ten must likewise be considered. In the latter clause testatrix declares that "in the event of the decease of the said Wilmer Gardner Crowell" the net income shall be paid to his issue for education, maintenance and support, his son William to receive his father's two-thirds share and his other lawful issue to divide equally the remaining one-third. Finally it is provided that the trust is to cease absolutely "in the event of the decease of Wilmer Gardner Crowell and his lawful issue," followed by a gift to certain named charities "subject to the conditions and provisions heretofore mentioned."

The contention is urged upon us that the intent of testatrix, as evidenced by paragraphs nine and ten of the will, was to benefit Wilmer Gardner Crowell and his children, and that Wilmer's "issue" must here be interpreted to mean simply his "children" and no descendants in remoter degree. Appellant cites the Acts of 1897, P. L. 213, section 1, and 1917, P. L. 403, section 14, providing that where real or personal estate is devised or bequeathed the words "die without issue," or similar words importing a failure of issue on the death of any person, shall be construed to mean a definite failure of issue, in the lifetime or at the death of such person, and not an indefinite failure of issue, unless a contrary intent shall appear from the will. We agree with the learned judge of the court below, however, that "issue

means generally descendants *ad infinitum*," and that, no contrary intent appearing, this must be its meaning here. The statutes referred to can have no application to the present case, where no question of the "failure of issue" is involved.

It is said that the gift of two-thirds of the income to Wilmer and one-third to his issue, in the ninth paragraph, is without limitation in time, and that consequently, under the rule established in Garrett v. Rex, 6 Watts 14, and reaffirmed in Thompson's Est., 234 Pa. 82, the principal must also be considered as bequeathed. This contention, however, wholly overlooks the further provisions in paragraph ten that "in the event of the decease of the said Wilmer," the income is to go to his lawful issue, and further, that "in the event of the decease of Wilmer Gardner Crowell, and his lawful issue," the trust is to cease and absolutely determine. It was expressly decided in Ammon's Est., 269 Pa. 159, that where the gift of income was without limitation in time but on the death or remarriage of the legatee the income was to go to her son, this was sufficient to cut down to a life interest what would otherwise have been an absolute gift in fee. But it is urged further that the limitations over "in the event of the decease" of Wilmer and of Wilmer and his lawful issue must be construed as intended to take effect only in case Wilmer or Wilmer and his issue died prior to the death of testatrix or the first life beneficiaries, now deceased, under the rule established by Mickley's App., 92 Pa. 514, and the multitude of cases decided by this court both before and after it affirming this principle, and it is said that, if this be so, the rule of Thompson's Estate, supra, would confer upon Wilmer an absolute interest. Both of these rules, however, rest for their validity upon considerations of convenience: that in Mickley's Appeal, upon the zeal of the court to reconcile apparently inconsistent provisions in the will (see Morrison v. Truby, 145 Pa. 540; Jessup v. Smuck, 16 Pa. 327); that in Thompson's Estate, upon the pre-

sumed intent of a testator that, having failed to limit the gift of income, he desired to bestow the principal as well, else intestacy would result. The fallacy in the argument now presented to us lies in piling these rules one upon the other and attempting to apply them together. In all the cases which have applied the rule of Mickley's Appeal, the gift in the first instance was an absolute one, nor have we been able to discover a single one where there was an unlimited gift of income followed by a limitation over in the event of death. The case of Engel's Est., 180 Pa. 215, is to be distinguished on the ground that there the gift of income without limitation was preceded by a gift absolute on its face. In the case at bar there is no inexorable inconsistency in making a gift of income to a person followed by a gift over in the event of that person's decease. We conclude that the principle established by Mickley's Appeal, is not applicable to the limitation in the will before us, and that under its terms life interests were given to Wilmer Gardner Crowell, of two-thirds of the income, and after his death to his son William, and of one-third of the income to all and severally the issue of Wilmer, to be equally divided between them as a class, subject to be decreased by the exclusion of William therefrom upon the death of Wilmer and the former's inheriting his father's share.

The bequest of one-third of the income to the lawful issue of Wilmer Gardner Crowell during their lives is void, because the gift is to a class, all the members of which might not come into being and thus be ascertained in order to take vested interests within the period fixed by the rule; and, being void as to any of the class, it is void as to all. We have concluded, however, reading the ninth and tenth paragraphs together, that life interests in two-thirds of the income were validly given to Wilmer Gardner Crowell and his son William. As to the other one-third of the income, an intestacy must result from the invalidity of the gift of that portion. The trial judge

determined that the gift of one-third of the income was so inextricably bound up with the gift of two-thirds, because the latter was a gift not of the income of two-thirds of the estate but of two-thirds of the income of the whole, that the invalidity of the former results in the failure of the entire limitation, citing Wilen's App., 105 Pa. 121; Aubert's App., 119 Pa. 48; Ford's Est., 185 Pa. 420; and McCallum's Est., 211 Pa. 205. An examination of these cases discloses that the rule established by them is merely this: That where there is a gift of a fractional share of income from an entire estate for a definite period of time, the whole principal must be preserved intact for the payment of that share of income so long as the limitation is to last, since it cannot be said that a share of income from the entire estate is not more valuable than the income from a proportional share of the principal. This is well exemplified by the decision in DeSilver's Est., 142 Pa. 74, 78, where half the income from the testator's residuary estate held in trust was given to the testator's brother and half to his sister during their lives, and upon the death of either to his or her children. After the death of the testator his brother died without issue, so that an intestacy as to his share of the income resulted. It was held, however, that the whole principal must be retained in the trust for the benefit of the sister, and that, although the intestacy extended to the principal as well as to the income, during the remainder of the trust only the income could be distributed to the next of kin. All these decisions lead us to conclude that the invalid disposition of the one-third of the income does not affect the gift of life interests to Wilmer and his son William (Whitman's Est., 248 Pa. 285), and that during their lives the whole estate must be retained in trust for the payment of their shares of income. As to the other third of the income, there is an intestacy, and it is payable during the lives of Wilmer and his son William to the next of kin of the testatrix: Feeney's Est., 293 Pa. 273.

With respect to the ultimate disposition of the principal and the gifts to the two charities named in the will, we follow the ruling made when the case was here before (see Lockhart's Est., 267 Pa. 390), and will not now determine who are entitled to the principal when the life estates cease. See also Sharples's Est., 305 Pa. 12. When they are ended, that matter can be adjudicated.

The court below is directed to modify its decree in accordance with this opinion. Costs to be paid out of the estate.