## Lockhart's Estate

*John G. Kaufman* and *Albert T. Bauerle* for exceptant.
*Theodore F. Jenkins,* contra.

VAN DUSEN, J., November 4, 1932.—Our court held that because one-third of the income of the trust was ill-given, in violation of the rule against perpetuities, the gift of the other two-thirds, which would have been valid, must fall with it, the two gifts being inextricably bound together. These gifts related to fractions of the income of the whole principal, not to the income of fractions of the whole principal; and it is familiar law that there is a material difference between the two. The whole principal was, therefore, awarded to the three next of kin [15 D. & C. 594]. The Supreme Court held that the good two-thirds could be preserved, but that the whole principal must be kept together and none could go out, two-thirds of the income at present to go to Wilmer Gardner Crowell, and one-third to the next of kin [306 Pa. 394].

On the settlement of the schedule of distribution in conformity with the opinion of the Supreme Court, the executor of William A. Lockhart was awarded one-third of one-third of the income embraced in the account as one of the next of kin, and the whole principal was awarded to the trustees 'for the trusts as defined by the Supreme Court under the will of the decedent." Income was awarded as directed by the Supreme Court. The executor of William A. Lockhart asked an award in the schedule of distribution of one-third of one-third of

the principal, under the intestate law, instead of his original claim for one-third, and he says that his claim thereto has never been presented to any court, and that such a claim (because not presented) is not precluded by the final judgment of the Supreme Court, though that judgment denied the claim by awarding to someone else.

We will try to go to the heart of this argument. The judgment of this court in distributing a fund is quasi in rem. It often happens that no one appears or makes any specific claim. An order of distribution is nevertheless made. However misconceived it may be, it stands unless reviewed. When a claimant does appear, it is his duty to make all his claims, stating them alternatively, if need be. At the audit Lockhart's executor asked for and got an award of one-third of the principal. If he had an alternative claim to one-third of one-third of the principal, in case his first claim failed, it was his duty to present it and argue it. When all claims fail, as made, it is the duty of the court to proceed to final judgment, according to the best light afforded it, as though none were made, otherwise there must be another hearing, and so on. *Interest rei publicæ ut sit finis litium.*

The Supreme Court said "the invalid disposition of the one-third of the income does not affect the gift of life interests to Wilmer and his son William . . . and that during their lives the whole estate must be retained in trust for the payment of their shares of income. As to the other third of the income, there is an intestacy, and it is payable during the lives of Wilmer and his son William to the next of kin of the testatrix."

This direction is plain and unmistakable. We are bound by it. We cannot modify or change in any way the decision of the Supreme Court, and the auditing judge followed it literally in framing the schedule of distribution.

The Supreme Court said that Wilmer's son, William, has a life estate succeeding his father. As Wilmer is living, and the schedule of distribution contains no award to William, the comments of the exceptant are irrelevant at this time.

The exceptions to the schedule of distribution are dismissed.