518

## Rocap's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*S. Lloyd Moore, Herbert O. Schaeffer, David B. James, Jr.*, and *Moore, Gossling & Panfil*, for exceptants.

*Lloyd J. Schumacker*, contra.

VAN DUSEN, P. J., November 18, 1940.—Testatrix gave her estate in trust for the life of her son, Frank, and then in trust for the respective lives of his children, and upon the death of each of Frank's children to pay over a share of the principal to his or her issue, and if no issue then to fall into the other shares, and in final default of issue to charity.

The remoteness of a contingency upon which an estate is to vest must be determined by looking from the date of death of testator and seeing what might happen. If on that day it appears possible that events might happen which would cause the estate to vest at a period too remote, then the rule is violated.

On that day Frank had children; but it was quite possible that he might have more children, and that all the shares of Frank's children, living on that day, would fall into the shares of his after-born children. The final vesting would then take place at the death of such after-born

child; and that period is too remote: Coggins' Appeal, 124 Pa. 10; Lockhart's Estate, 306 Pa. 394.

In fact, Frank had no more children, and it is argued that this fact makes all the estates good, because it now turns out that they must vest at the end of lives in being. Possibilities, not actualities, determine the application of the rule against remoteness. The only exception to this is in judging the validity of estates created under a power of appointment. If the estates which are thus created are good, they are not invalidated by the fact that the terms of the power were broad enough to have enabled the appointor to attempt to create estates which were bad: Warren's Estate, 320 Pa. 112.

The exceptions are dismissed and the adjudication is confirmed absolutely.