## Kamerly's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

58

*Percival H. Granger* and *Raymond M. Remick,* for exceptant.

*John V. Espenshade* and *Howard McMorris,* contra.

KLEIN, J., April 22, 1943.—We are all in agreement with the conclusions of the auditing judge that the petition to terminate this trust must be dismissed. It is obvious from a study of this troublesome holographic will that the testator's primary and principal intention was to secure an income for his two children for the period of their lives. This is made clear by the direction in his will requiring them to deposit certain of their own assets in the trust fund under penalty of disherison.

The Pennsylvania courts have uniformly upheld the validity of life estates, even where the ultimate gifts in remainder violate the rule against perpetuities, if the predominant intent of the testator is to protect the life tenants and the creation of the subsequent limitations appears to be secondary.

However, we agree with the auditing judge that the testamentary plan of the will before us does not transgress the rule against perpetuities. Counsel for the exceptant contend that the present case is controlled by Lockhart's Estate, 306 Pa. 394, 396 (1932). In our opinion that decision can readily be distinguished from the situation before us. In Lockhart's Estate testatrix

devised her residuary estate in trust to pay the income therefrom to her mother and her stepfather, and from and after their deaths "then as to the said principal", in trust as follows: "two thirds of said income" to a person named "and one third of said income *to the lawful issue* of the said" person, with a gift of the principal to designated charities *upon the death of such issue*. (Italics supplied.) The Supreme Court construed the word "issue" to mean generally descendants ad infinitum and ruled that the gift of one third of the income was invalid as violating the rule against perpetuities.

In the present case the will provides, inter alia:

"If either of my children *die without issue*, the income shall all go to the surviving child, then to this child's issue at his or her death.

"Should both children *die without issue*, the income shall then go to my father and mother, and when both are dead, to my brother and sisters or their issue." (Italics supplied.)

We agree with the auditing judge that section 14 of the Wills Act of June 7, 1917, P. L. 403, applies and that the words "die without issue" must be construed to mean a want or failure of issue in the lifetime or at the death of the person named, and not an indefinite failure. In Lockhart's Estate, supra, the expression "die without issue" did not appear. The Supreme Court therefore held that the Act of July 9, 1897, P. L. 213, sec. 1, and the Wills Act of 1917, sec. 14, had no application as there was no question of failure of issue involved. Further, in Lockhart's Estate, the gift was to issue generally, with the gift over upon the death of such issue in the indefinite future. In the present case the time for resolving all contingencies with respect to the estates of such issue is the death of testator's children, which is safely within the rule.

Counsel for the exceptant stress the fact that testator made provision for the disposition of income only

and that the will contains no gift whatever of corpus or principal to anyone. In our opinion this fact does not affect their position. The auditing judge held that if one or both of the surviving children should die leaving issue such issue would take the income for life. It seems to us that the unrestricted gift by implication of the income to the children's issue carries with it a gift of the corpus, as the trust created appears to be dry and passive. See Ritter v. Knerr, 214 Pa. 279 (1906), and the other cases cited in II Hunter's Pennsylvania Orphans' Court Commonplace Book 1294. But regardless of whether such surviving issue, who are as yet unborn, would be entitled to life estates or the remainder in fee, it is clear that they have an interest in this estate which must be preserved.

In order to terminate a trust before the expiration of the time for which it was created and before the accomplishment of its purpose, the combined interests of those who are seeking the determination of the trust must be equivalent to an absolute title, which cannot be defeated or divested by the happening of any future event. It is not sufficient that only those who have vested interests should consent, if those interests may be divested on any stated contingency. Those who take on the happening of such contingency must also consent, or the application for the termination of the trust will be dismissed: Johnson et al. v. Provident Trust Co. of Philadelphia, 280 Pa. 255 (1924).

In the instant case, if testator's children should die without leaving issue surviving, his brother, James C. Kamerly, and his sister, Catharine Dodson, who are still living, would be entitled to the income from the trust fund for their lives. Even if the gift to the issue of testator's children should be held to be invalid by reason of its transgressing the rule against perpetuities, the alternative gift to testator's living brother and sister would have to be upheld: Whitman's Estate, 248 Pa. 285 (1915).

The exceptions are therefore dismissed and the adjudication confirmed absolutely.