## Throm Estate (No. 1).

Argued June 2, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*George B. Balmer,* with him *John W. Dry* and *Snyder, Balmer & Kershner,* for appellant.

*Boyd Lee Spahr,* with him *Harry R. Matten, Paul D. Edelman, H. Ober Hess* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 28, 1954:

The appeal is from a decree of an orphans' court awarding a life estate to the posthumous daughter of a child of the first life tenant.

Lydia Seidel Throm, the testatrix, a single woman, died November 1, 1932. She was survived by her niece, Ruth Seidel Throm Detweiler, her sole next of kin. By her will dated January 29, 1931, testatrix placed her estate in trust to pay her niece, Ruth, the net income for life and upon her decease the *income* was further directed *"to be distributed unto the children of the said Ruth Throm Detweiler, share and share alike, or their issue."* The will further provided that upon the death of the children or issue of her niece, Ruth, the corpus was to be paid to a named orphans' home, a charitable institution.

Ruth, the niece and life tenant, survived testatrix and died December 17, 1942, leaving but one child, a son Charles. She died testate and also left a husband, her executor, the appellant herein. Charles died September 20, 1952. The niece, Ruth, and her son, Charles, received the net income during their successive lives.

When Charles died he left surviving a posthumous daughter, Charmaine, whose guardian *ad litem* is the appellee. The testamentary disposition of the corpus in remainder is conceded to be void because the will was not executed in accordance with the statute in effect at the time of her death. An intestacy resulted. The learned court below in prior adjudications correctly decided that Ruth, the niece, sole next of kin of testatrix, possessed a *vested estate in remainder*, subject, however, to the trust life estates. Charles, the son of the niece, the first life tenant, enjoyed a life estate after the death of his mother on December 17, 1942, until his own death on September 20, 1952—a period of nearly ten years. The guardian of Charles's posthumous daughter, Charmaine, claims that his ward possesses a succeeding life estate in the trust *res*. It was so awarded by the Orphans' Court. The executor under the will of Ruth Seidel Throm Detweiler claims that Ruth possessed a vested remainder free of additional life estates and has appealed. The rights of the parties are determined by a construction of the words of the will reading *"to be distributed unto the children of the said [niece], share and share alike, or their issue."*

We do not agree with the interpretation of the learned court below. The word "issue" cannot always be construed in a strict technical sense. *Ex proprio vigore* it indicates succession of descendants *ad infinitum*. When the word is used in this sense, ordinarily such gift is void because it is in violation of the rule against perpetuities: *Lockhart's Estate*, 306 Pa. 394, 159 A. 874; *Friday's Estate*, 313 Pa. 328, 170 A. 123. In *Harrah Estate*, 364 Pa. 451, 72 A. 2d 587, we adopted the doctrine of "vertical separability". Where the term children or issue would have *possibly*

included hypothetical individuals beyond the limits of the rule, gifts to children or issue otherwise valid within the rule are not thereby rendered invalid. The auditing judge applied this doctrine. He ruled that since the niece, the first life tenant, and her child, Charles, the succeeding life tenant, were both in being at the date of the death of testatrix, Charles's posthumous daughter took immediately upon her father's decease—a life in being—and therefore the gift was valid. The gift was not rendered invalid because Charles *might have had* other children born beyond the limits of the rule. Since *Harrah Estate,* supra, this principle has been applied, but it has no application in the present will construction.

As we construe the words "to be distributed unto the children of the [niece], share and share alike, or their issue", they do not mean successive life estates to the niece's children followed by life estates to the issue of such children *ad infinitum.* It is impossible to distribute a fund *"share and share alike"* among children and *their* issue. One's "issue" do not exist and cannot be ascertained until *after* a person dies. The true interpretation of such words obviously means a *per capita* distribution among children and a *per stirpital* distribution to the issue of any child or children who may have died in the parent's lifetime. The gift to "issue" of children is manifestly *substitutionary* in the event of the death of such child before he would otherwise have taken. We have so decided when the gift is to a beneficiary *"and his issue"*: *Lippincott Estate,* 349 Pa. 538, 546, 37 A. 2d 599. The Orphans' Court of Philadelphia County has also so decided when the gift is to a beneficiary *"or his issue"*: *Borden's Estate,* 44 D. & C. 279 (LADNER, J., Auditing Judge); *Fausten's Estate,* 60 D. & C. 602 (VAN DUSEN, P. J., Auditing Judge). In both of the last named cases the

opinion was written by BOLGER, J. for a unanimous court.

We direct that the court below enter a definitive decree of distribution of the corpus in remainder of the trust estate to Charles W. Detweiler, Executor under the will of Ruth Seidel Throm Detweiler, deceased, in accordance with this opinion.

Decree reversed. Costs to be paid out of the corpus of the trust estate.