## Lockhart Trusts

*J. Stanton Carson,* for accountants.

McKENNA, *P. J.,* March 21, 1975—The questions in these cases were presented to us at the audit of the trustees' accounts. In each case the account was a fourth and partial account of the particular trust involved. The audits were held in November and December of 1974. The questions involved are first, whether or not donor's great-grandchildren are included in the class of income beneficiaries designated as "issue," and second, whether or not adopted children who are the great-grandchildren of the donor qualify as beneficiaries. The trustees have also asked us to determine if said great-grandchildren share in principal which is to be distributed in the future.

Charles Lockhart, the donor, died on January 26, 1905. On April 15, 1897, he created three separate but virtually identical inter vivos trusts for the benefit of his five children: James Henry Lockhart, John Marshall Lockhart, Janet Walker Mc-Cune, Martha Frew Mason, and Sarah Eleanor Lockhart.[1] All of the children died subsequent to

---

1. The instruments differ in two respects not relevant to this case. The trust instrument at No. 1327 of 1939 named the Fidelity Title and Trust Company, now Pittsburgh National Bank, as trustee. That trust had an initial corpus of $150,000. At No. 1328 of 1939 the initial corpus was $150,000 and the Union Trust Company of Pittsburgh, now Mellon Bank, N.A. was named trustee. The instrument at No. 1329 of 1939 named the Safe Deposit and Trust Company of Pittsburgh, now Pittsburgh National Bank, as trustee and specified an initial corpus of $100,000.

the death of donor. James Henry died on May 16, 1938, John Marshall on January 23, 1939, Janet Walker McCune on February 25, 1956, Martha Frew Mason on June 4, 1944, and Sarah Eleanor Lockhart on September 1, 1960.

The several instruments above referred to provide initially for distribution of income equally among donor's children. Subsequent language, which must be construed to resolve the questions presented to us, reads as follows:

". . . and in case any of said children shall die leaving issue, then upon the death of each child so dying, the issue of such child . . . shall be paid the interest and share the parent would have received if living and such interest and share shall be paid to such issue . . . for the period of twenty-one years after the death of such deceased child, if such issue should so long live, at which time, if such issue should so long live, the said Trustee shall pay to such issue in equal shares and portions, [one-fifth][2] of said principal sum of said trust fund, together with the share of such issue in the unpaid accrued dividends, interest and income."

In a later paragraph (the paragraphs are not numbered) donor provides that:

"In case upon the death of the last surviving of said children of the said Charles Lockhart, if dying without issue, the issue, if any, of said children, *being the grand-children of the said Charles Lockhart,* shall be paid by said Trustee, in equal shares and portions, [one-fifth] of the principal sum of said trust fund, together with the unpaid accrued dividends, interest and income thereon, . . . ." (Emphasis added.)

---

2. Donor specified here a dollar amount equal to one-fifth of the original corpus of each trust.

Also, in a subsequent paragraph, donor provides that:

"In case that after the death of all the said children of said Charles Lockhart, herein named, the issue of any of said children should die within the period of twenty-one years aforesaid, then [one-fifth] of the principal sum of said trust fund, together with the unpaid accrued dividends, interest and income thereon, shall be paid in equal shares and portions to the issue of said children, *being the grand-children of the said Charles Lockhart . . ."* (Emphasis added.)

John Marshall Lockhart, the second of donor's named children to die, died without issue, occasioning trustees' *first* and partial accountings and resultant decrees awarding his share of principal to donor's three then surviving children. Martha Frew Mason's death without issue occasioned trustees' *second* and partial accountings and decrees awarding shares of principal to donor's two then surviving children. James Henry Lockhart, the first named child to die, was survived by three children: Charles Lockhart, George D. Lockhart, and James Henry Lockhart, Jr. These children received income for 21 years after the death of their parent. At the end of that period in 1959, and following trustees' *third* and partial accountings, they received shares of the principal.

On February 27, 1956, Janet Walker McCune died, survived by five children, grandchildren of donor: Charles L. McCune, John R. McCune, Jr., Walker McCune, Mary McCune, and Marshall L. McCune. Each of said parties became entitled to receive for 21 years after the date of the death of Janet Walker McCune the share of income thereto-

fore paid to her. That period will expire on February 27, 1977.

Mary McCune died without issue on October 13, 1961. The trustees thereafter divided her share of income among her surviving brothers.

Charles L. McCune and Marshall L. McCune were living at the time the several petitions for distribution were presented to us.

The issues to be determined in the present case pertain to the descendants of Walker McCune and John R. McCune, Jr.

Walker McCune died on April 13, 1971, survived by four adopted children, great-grandchildren of donor: Michele Bonnie McCune, Lance McCune, Brent Isle McCune, and Paige Ibsen McCune. All were adopted as minors during the period 1960-1965.

John R. McCune, Jr., died on October 11, 1972, survived by two natural children, great-grandchildren of donor: John R. McCune, V, and Mary McCune Edwards. No income distributions have been made to the adopted children of Walker McCune, but income was distributed to the children of John R. McCune, Jr., on February 9, 1973, from the trusts at nos. 1327 and 1329 of 1939.

The trustees' *fourth* and partial accountings were filed for the purpose of having the trust instruments construed to determine whether the children of John R. McCune, Jr., and the adopted children of Walker McCune are entitled to share in the income previously paid to their parents.

There are also in existence three grandchildren of Sarah Eleanor Lockhart, the last of donor's named children to die. She was survived by three children at her death on September 1, 1960: James Olver Flower, Jane Flower Ritchey, and Sarah Flower Phillips. James Olver Flower died on May

11, 1968. His share of income, pursuant to agreement by the interested parties, was thereafter paid to his children: William S. Flower, Christopher G. Flower, and Sarah F. Getty. As a practical matter, therefore, we are not here concerned with distribution of income to the latter three descendants of donor.

We must decide whether great-grandchildren are included in the term "issue" as employed in the trust language previously set forth. If we determine that they are, we must then decide whether persons adopted after the death of donor are also to be included in that term. The trustees request that in this proceeding we also determine the rights, if any, of great-grandchildren to share in principal at the end of a 21-year period.

In the instruments before us, which are clearly the product of careful and competent draftsmanship, we must construe "issue" to mean "descendants ad infinitum," unless the context requires a different meaning: Lockhart's Est., 306 Pa. 394, 402-403. If the first paragraph of the trust instrument hereinabove quoted were to stand alone, it is clear that the term under consideration, "issue," would be given its ordinary meaning — that is, descendants ad infinitum. We find that this is the construction that must be given to that particular paragraph, notwithstanding that in other paragraphs donor evidently limited the term "issue" to "grandchildren." The two paragraphs wherein that limitation appears cover situations which are different from the circumstances which are described in the first quoted language. The first provision covers situations where a child dies leaving issue. The next clause quoted provides for an event which might have happened — namely, the death of the last surviving child of donor without issue.

This did not occur, as Sarah Eleanor Lockhart was the last to die, and she left three children who survived her. The last clause quoted refers to a contingency which is not now before us, i.e., after the deaths of all donor's named children, the death of all the issue of any named child during the 21-year period following that child's death. In this case, the child's share passes to the surviving issue of donor's other children, being the grandchildren of donor.

We find that the use of the term "being the grandchildren of the said Charles Lockhart" in the last two clauses quoted, does not alter the meaning of the first provision hereinabove quoted. The same is clear and complete on its face and will be given the meaning which we have indicated must be ascribed to it — namely, that the term "issue" means "descendants ad infinitum."

John R. McCune, V, and Mary McCune Edwards thus became entitled to divide the share of income paid John R. McCune, Jr., their parent, prior to his death.

As to the adopted children of Walker McCune, we note that the law prior to Tafel Est., 449 Pa. 442 (1972), would have excluded the adopted children of Walker McCune from the class of issue of Janet Walker McCune entitled to participate in her share of income. The ruling in that case requires the inclusion of parties adopted by others than the donor or testator after the death of said donor or testator in all cases where the beneficiaries are described by words of general designation, such as, "issue," "children," and "descendants," where the instrument does not indicate a contrary intention on the part of donor or testator. The rule applies, regardless of the date of the instrument. Since no

contrary intention appears in the language of the instrument before us, we hold that the adopted children of Walker McCune are included in the term "issue" of Janet Walker McCune.

Walker McCune, however, died on April 13, 1971. Tafel was not decided until November 17, 1972. Tafel has prospective application only. McCune Trust, 24 Fiduc. Rep. 252; Clarkson Trust, 24 Fiduc. Rep. 649. Accordingly, the adopted children of Walker McCune are entitled as "issue" of a deceased child of donor only to share in income accrued or received by the trustees after November 17, 1972. The income accrued or received by the trustees during the period April 13, 1971, to November 17, 1972, that would have been distributable to Walker McCune had he been alive, is distributable per stirpes to those persons, or their estates, who took as "issue" of Janet Walker McCune.

Our construction of the term "issue" in the disposition of income in the three trust instruments under consideration will be the same when the problem before us is the disposition of principal. The same parties found here to be entitled to receive income will also share in the principal of the several trust estates at the expiration of the pertinent 21-year period.

Accordingly, the grandchildren of Janet Walker McCune, natural and adopted, will be entitled to an appropriate share of the trust principal in 1977, should they so long live. Similarly, surviving grandchildren of Sarah Eleanor Lockhart will be entitled to share in principal 21 years after the date of the death of the said Sarah Eleanor Lockhart, or in 1981.

Decrees will be entered in accordance with this opinion.